Anne Sullivan Magnelli – ISB No. 9452
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:     (208) 344-5800
Facsimile:      (208) 344-5510
E-Mail:          amagnelli@ajhlaw.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL J. CHAMPINE, individually and on behalf of his minor daughter, I.J.C., <br><br> Plaintiffs, <br><br> vs. <br><br> CHRIS RYAN, an individual; BOISE SCHOOL DISTRICT; and DOES I-X, individuals and/or entities of unknown origin, <br><br> Defendants. | Case No.  1:23-CV-00338-DCN <br><br> **DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW, the above-entitled Defendants CHRIS RYAN and BOISE SCHOOL DISTRICT (collectively, "these Defendants"), by and through their attorneys of record, Anderson, Julian & Hull LLP, and answer the Plaintiffs' Complaint and Demand for Jury Trial as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

**DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

## SECOND DEFENSE

These Defendants deny each and every allegation of the Complaint not herein expressly and specifically admitted.

## INTRODUCTION & NATURE OF THE CASE

1.      Regarding Paragraphs 1 and 2 of the Complaint, the allegations are denied and/or denied as phrased.

## JURISDICTION AND VENUE

2.      These Defendants admit Paragraphs 3-5 of the Complaint.

## PARTIES

3.      These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 6 of the Complaint.

4.      These Defendants admit Paragraphs 7-9 of the Complaint.

5.      These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 10-11 of the Complaint.

6.      As it relates to the allegations of Paragraph 12 of the Complaint, it is admitted only that Crandell was a social worker on staff at Fairmont Jr. High School.  The remainder of the allegations of Paragraph 12 are denied and/or denied as phrased.

7.      The allegations of Paragraph 13 are admitted.

## GENERAL ALLEGATIONS

8.      With respect to the allegations contained in Paragraph 14 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

9.      As it relates to the allegations of Paragraph 15 of the Complaint, it is admitted

only that Defendant Ryan was the Principal of Fairmont Jr. High, which is located in Ada County, Idaho, through January 11, 2023, at which time Mr. Ryan was placed on leave. Mr. Ryan was assigned to a non-student-facing role on February 1, 2023. Defendant Ryan was then placed on leave as of May 17, 2023, and at this time remains on leave. The remainder of the allegations of Paragraph 15 are denied as phrased.

10.    As it relates to the allegations of Paragraph 16 of the Complaint, it is admitted only that Crandell was a social worker on staff at Fairmont Jr. High School. The remainder of the allegations of Paragraph 16 are denied and/or denied as phrased.

11.    The allegations of Paragraph 17 are admitted by these Defendants.

12.    These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 18 of the Complaint.

13.    The allegations of Paragraph 19 are denied.

14.    These Defendants are without knowledge as to when or whether Plaintiff became aware that Crandell was texting I.J.C., so can neither admit nor deny that allegation. These Defendants deny the remainder of the allegations of Paragraph 20 as phrased.

15.    These Defendants deny the allegations of Paragraph 21 as phrased. It is specifically denied that Plaintiff reported concerns to Defendant Ryan, or that Defendant Ryan had knowledge or awareness of "inappropriate behavior." Further, the allegation of Paragraph 21 as to what I.C. § 16-1605 required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.

16.    These Defendants deny the allegations of Paragraph 22 as phrased.

17.    These Defendants deny the allegations of Paragraph 23 as phrased. It is specifically denied that Defendants had knowledge or awareness of "inappropriate behavior."

Further, the allegation of Paragraph 23 as to what I.C. § 16-1605 required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.

18.     As it relates to the allegations of Paragraph 24, Defendants admit only that Ms. Krigbaum emailed Defendant Ryan concerning email communications between Crandell and I.J.C. which Ms. Krigbaum had observed.  It is denied that concerns "that Crandell was having an inappropriate relationship with I.J.C." were shared with Defendant Ryan.  The remainder of the allegations of Paragraph 24 are denied as phrased.

19.     The allegations of Paragraph 25 are denied.

20.     The allegations of Paragraph 26 are denied as phrased.

21.     These Defendants deny the allegations of Paragraph 27 as phrased.   It is specifically denied that Defendants had knowledge or awareness of "concerns" at the point in time referenced.  Further, the allegation of Paragraph 27 as to what I.C. § 16-1605 required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.

22.     As it relates to the allegations of Paragraph 28, it is denied that "Plaintiff reported his ongoing concerns to Defendant Ryan."  These Defendants are without knowledge as to when or whether Crandell ceased texting I.J.C. and whether Crandell communicated with I.J.C through SnapChat.

23.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 29 of the Complaint.

24.     As it relates to the allegations of Paragraph 30, these Defendants admit only that I.J.C. made a report concerning Mr. Hiller touching her as she turned in a paper in front of the

class, which report was investigated but was unable to be substantiated. The remainder of the allegations of Paragraph 30 are denied.

25.      These Defendants deny the allegations of Paragraph 31 as phrased. Further, the allegation of Paragraph 31 as to what I.C. § 16-1605 required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.

26.      These Defendants deny the allegations of Paragraph 32. Further, the allegation of Paragraph 32 as to what I.C. § 16-1605 required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.

27.      These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 33 of the Complaint.

28.      As it relates to the allegations of Paragraph 34, these Defendants admit only that a meeting occurred at Fairmont Jr. High on November 11, 2022, and that Defendant Ryan, Plaintiff, and Crandell were present. The remainder of the allegations of Paragraph 34 are denied as phrased.

29.      These Defendants deny the allegations of Paragraph 35 as phrased. Further, the allegation of Paragraph 35 as to what I.C. § 16-1605 required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.

30.      These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 36 of the Complaint.

31.      As it relates to Paragraph 37 of the Complaint, it is denied that Mr. Ramely "reported his concerns about Crandell's inappropriate behavior to Defendant Ryan." These Defendants are without sufficient knowledge to admit or deny the remainder of the allegations of Paragraph 37 of the Complaint.

32.    These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 38 of the Complaint.

33.    As it relates to Paragraph 39 of the Complaint, these Defendants are without sufficient knowledge to admit or deny the allegations concerning what Mr. Shepard and Ms. Krigbaum witnessed or observed. These Defendants deny the remaining allegations of Paragraph 39 as phrased.  Further, the allegation of Paragraph 39 as to what I.C. § 16-1605 required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.

34.    These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 40 of the Complaint.

35.    These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 41 of the Complaint.

36.    As it relates to the allegations of Paragraph 42 of the Complaint, it is denied that Defendant Ryan "admitted" that he had been aware of "inappropriate behavior" or a relationship between Crandell and I.J.C.  Further, these Defendants are without knowledge as to what was "determined" or by whom it was "determined" that Defendant Ryan "failed to report."  Finally, these Defendants deny the remainder of the allegations of Paragraph 42 of the Complaint as phrased.

37.    As it relates to the allegations of Paragraph 43 of the Complaint, it is denied that Defendant Ryan failed to comply with mandatory reporting requirements, as Defendant Ryan did not have reason to believe, and had not observed, any abuse, abandonment or neglect was occurring.  Further, these Defendants are without knowledge of what the Boise Police were investigating.  It is admitted that Defendant Ryan told Crandell not to have contact with I.J.C.

The remainder of the allegations of Paragraph 43 are denied as phrased.

38.     As it relates to the allegations of Paragraph 43 of the Complaint, it admitted only that when Defendant Ryan went to speak to Crandell the next day, the door to his office was locked as was typical of all classroom and office doors at Fairmont Jr. High School, as a method of not allowing access to student spaces to potential active shooters.  It is further admitted that I.J.C. was present in Crandell's office, apparently absorbed in studying a book, when Crandell opened the door to Defendant Ryan's knock.

39.     As it relates to the allegations of Paragraph 45 of the Complaint, what I.C. § 16-1605 may have required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.  However, Defendant Ryan did not have reason to believe, and had not observed, any abuse, abandonment or neglect was occurring.  It is admitted that Defendant Ryan did not remove Crandell from his position at Fairmont Jr. High.

40.     These Defendants deny the allegations of Paragraph 46 of the Complaint. Further, the allegation of Paragraph 46 as to what I.C. § 16-1605 required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.

41.     The allegation of Paragraph 47 as to what I.C. § 16-1605 required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.  It is denied that Defendants were aware of "allegations of abuse or concerns of possible abuse of I.J.C." at the time referenced in Paragraph 47.

42.     The allegation of Paragraph 48 as to what I.C. § 33-512 required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.  The language of the statutory section speaks for itself.

43.     These Defendants admit the allegations of Paragraph 49 of the Complaint.

44.     These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraphs 50-53 of the Complaint.

45.     These Defendants deny the allegations of Paragraph 54.  Further, the allegation of Paragraph 54 as to what I.C. § 16-1605 required calls for a legal conclusion and therefore either does not require an answer, or cannot be admitted or denied as phrased.

46.     As it relates to the allegations of Paragraph 55 of the Complaint, these Defendants admit only that Defendant Ryan was placed on leave on January 11, 2023, and was reinstated in the role of Consulting Principal, in a non-student-facing role.  Defendant Ryan was then placed on leave as of May 17, 2023, and at this time remains on leave. These Defendants deny the remaining allegations of Paragraph 55 of the Complaint.

## FIRST CAUSE OF ACTION

*Violation of a substantive due process right* **– State Created Danger, 42 U.S.C. § 1983**

**(Defendant Ryan, Defendant BSD, and Doe Employees)**

47.     With respect to the allegations contained in Paragraph 56 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

48.     With respect to the allegations contained in Paragraphs 57-69 of the Complaint, they are denied.

## SECOND CAUSE OF ACTION

*Violation of a substantive due process right* **– Monell Claim, 42 U.S.C. § 1983**
**(Defendant BSD)**

49.     With respect to the allegations contained in Paragraph 70 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them

herein.

50.    With respect to the allegations contained in Paragraphs 71-78 of the Complaint, they are denied.

## THIRD CAUSE OF ACTION

### *Negligence/Recklessness – Negligence Per Se (Defendant Ryan)*

51.    With respect to the allegations contained in Paragraph 79 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

52.    With respect to the allegations contained in Paragraphs 80-88 of the Complaint, they are denied.

## FOURTH CAUSE OF ACTION

### *Negligence/Recklessness – Negligence Per Se (Defendant BSD)*

53.    With respect to the allegations contained in Paragraph 89 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

54.    With respect to the allegations contained in Paragraphs 90-107 of the Complaint, they are denied.

## FIFTH CAUSE OF ACTION

### *Child Abuse (I.J.C. against Defendant the Ryan)*

55.    With respect to the allegations contained in Paragraph 108 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

56.    With respect to the allegations contained in Paragraphs 109-114 of the Complaint,

they are denied.

## SIXTH CAUSE OF ACTION

### *Child Abuse (I.J.C. against Defendant BSD)*

57.     With respect to the allegations contained in Paragraph 115 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

58.     With respect to the allegations contained in Paragraphs 116-130 (inclusive of subparts thereof) of the Complaint, they are denied.

## SEVENTH CAUSE OF ACTION

### *Negligent Infliction of Emotional Distress (I.J.C. against all Defendants)*

59.     With respect to the allegations contained in Paragraph 131 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

60.     With respect to the allegations contained in Paragraphs 132-141 of the Complaint, they are denied.

## EIGHTH CAUSE OF ACTION

### *Negligent Infliction of Emotional Distress (Plaintiff Michael Champine against all Defendants)*

61.     With respect to the allegations contained in Paragraph 142 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

62.     With respect to the allegations contained in Paragraphs 143-152 of the Complaint, they are denied.

## NINTH CAUSE OF ACTION

### *Intentional Infliction of Emotional Distress (I.J.C. against all Defendants)*

63.     With respect to the allegations contained in Paragraph 153 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

64.     With respect to the allegations contained in Paragraphs 154-162 of the Complaint, they are denied.

## TENTH CAUSE OF ACTION

### *Intentional Infliction of Emotional Distress (Plaintiff Michael Champine against all Defendants)*

65.     With respect to the allegations contained in Paragraph 163 of the Complaint, Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

66.     With respect to the allegations contained in Paragraphs 164-169 of the Complaint, they are denied.

## PUNITIVE DAMAGES

67.     With respect to the Plaintiffs' statement that they reserve the right to seek leave to add a claim for punitive damages, it is denied that Plaintiffs are entitled to punitive damages. Defendants further state that Plaintiffs will be required to satisfy the requirements of I.C. § 6-1604 in order to establish any right to pursue punitive damages in this matter.

## DAMAGES

68.     These Defendants deny that they engaged in acts which were negligent, reckless, careless, willful, or unlawful, or engaged in misconduct.

69.     These Defendants further deny Plaintiffs are entitled to the damages as to which they claim entitlement in Subparagraphs 1-6 of the Damages portion of their Complaint.

### CLAIM FOR ATTORNEY'S FEES AND PRAYER FOR RELIEF

70.     With respect to the allegations contained in the Claim for Attorneys' Fees paragraph of the Complaint, these Defendant deny the allegations and Plaintiffs' entitlement to fees or costs.  These Defendants also deny any and all allegations contained in the Plaintiffs' Prayer for Relief.

### AFFIRMATIVE DEFENSES

### THIRD DEFENSE

Plaintiffs may have been guilty of negligent and careless misconduct at the time of and in connection with the matters and damages alleged in the Complaint, which misconduct on their parts may have proximately caused and contributed to said events and resulting damages, if any.

### FOURTH DEFENSE

Plaintiffs' losses or injuries, if any, were caused by the intervening acts or omissions of other third persons, for whom these Defendants can bear no responsibility.

### FIFTH DEFENSE

The allegations contained in the Plaintiffs' Complaint do not rise to the level of the deprivation of a federally protected right.

### SIXTH DEFENSE

Some or all of these Defendants are entitled to qualified immunity from liability because the acts or omissions complained of, if any, were done by these Defendants in good faith, with honest and reasonable belief such actions were necessary and constitutionally proper.

## SEVENTH DEFENSE

To the extent Plaintiffs are asserting state law claims against these Defendants, such causes of action arise out of and stem from activities for which these Defendants are immune, in whole or in part, from liability by virtue of Title VI, Chapter IX, Idaho Code and, therefore, Plaintiffs' causes of action in damages seeking recovery under state law are barred in whole or in part by virtue of the provisions of Title VI, Chapter IX Idaho Code.

## EIGHTH DEFENSE

Plaintiffs' state and federal claims are barred, in whole or in part, by their failure to avail themselves of the available administrative remedies and, alternatively, to exhaust their available administrative remedies.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and latches.

## TENTH DEFENSE

Some or all of Plaintiffs' claims may be barred by the applicable statutes of limitations.

## ELEVENTH DEFENSE

Plaintiffs may have failed to mitigate their damages, if any.

## TWELFTH DEFENSE

These Defendants assert the absence of a proximate, causal relationship between these Defendants' conduct and Plaintiffs' alleged damages.

## THIRTEENTH DEFENSE

These Defendants fully performed any and all duties owed to Plaintiffs under applicable law.  Plaintiffs are therefore barred from asserting any cause of action against these Defendants

## FOURTEENTH DEFENSE

These Defendants allege that if any of their agents or employees acted negligently, intentionally, willfully, or otherwise tortiously, unlawfully or wrongfully conducted themselves, to cause damage to Plaintiffs, any such action was beyond the scope of such agent's or agents' employment and was without advance knowledge, authorization, consent or ratification of these Defendants.

## FIFTEENTH DEFENSE

Plaintiffs' Complaint and each purported cause of action alleged therein, fails to state facts sufficient to allow recovery of exemplary or punitive damages against these Defendants.

## SIXTEENTH DEFENSE

To the extent that Plaintiffs' claims against these Defendants are found to be frivolous, vexatious, unreasonable, and/or to have been filed in bad faith, they would justify an award of attorney's fees and costs against Plaintiffs in favor of these Defendants.

## SEVENTEENTH DEFENSE

These Defendants assert that to the extent Plaintiffs suffered any emotional distress or physical injury (and these Defendants do not admit that Plaintiffs suffered such distress or injury), their emotional distress and alleged physical injury were proximately caused by factors other than the actions of these Defendants, or anyone acting on these Defendants' behalf.

## EIGHTEENTH DEFENSE

These Defendants assert that to the extent Plaintiffs suffered any emotional distress or physical injury (and these Defendants do not admit that Plaintiffs suffered such distress or injury), their emotional distress and alleged physical injury were not foreseeable as a matter of law.

### NINETEENTH DEFENSE

These Defendants did not cause harm to Plaintiffs.

### TWENTIETH DEFENSE

These Defendants did not engage in any affirmative conduct to place Plaintiffs in danger.

### TWENTY-FIRST DEFENSE

There was no unreasonable risk, and these Defendants did not intend to expose Plaintiffs to an unreasonable risk.

### TWENTY-SECOND DEFENSE

The claims and damages set forth in the Plaintiffs' Complaint may, as to some of the claims, be barred by the doctrine of unclean hands.

### TWENTY-THIRD DEFENSE

These Defendants are not liable in litigation pursuant to Title 42 U.S.C. § 1983, for any injury caused by the act or omission of another person under the theory of *respondeat superior*.

### TWENTY-FOURTH DEFENSE

Some or all of the acts or omissions complained of by the Plaintiffs against these Defendants did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding which deprived the Plaintiffs of any civil rights.

### TWENTY-FIFTH DEFENSE

These Defendants cannot be liable in litigation pursuant to Title 42 U.S.C. § 1983, for any claims Plaintiffs are making on behalf of third parties.

### TWENTY-SIXTH DEFENSE

These Defendants reserve the right to file and assert any claims they may have for common law or statutory subrogation, contribution or indemnity against any party or non-party.

## TWENTY-SEVENTH DEFENSE

To the extent Plaintiffs have been compensated by collateral sources, any award should be reduced by the same as provided in Idaho Code § 6-1606.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claim for damages is limited to the extent provided for by Idaho Code §§ 6-1603, 6-1604 and 6-1606.

## TWENTY-NINTH DEFENSE

These Defendants reserve the right to identify additional defenses as they become known through discovery.

## DEMAND FOR JURY TRIAL

These Defendants demand a jury trial as to all issues.

## ATTORNEY FEES

These Defendants have been required to retain attorneys in order to defend this action and are entitled to recover reasonable attorney fees pursuant to state and federal laws and applicable Rules of Civil Procedure.

WHEREFORE, these Defendants pray for judgment against Plaintiffs as follows:

1.      That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereunder.

2.      That these Defendants be awarded their costs, including reasonable attorney fees pursuant to the applicable Idaho and Federal Rules of Civil Procedure and statutory and/or code sections.

3.      That judgment be entered in favor of these Defendants on all claims for relief.

4.    For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 25ᵗʰ day of August, 2023.

ANDERSON, JULIAN & HULL LLP

By: _____
Anne Sullivan Magnelli, Of the Firm
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of August, 2023, I filed the foregoing **DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** electronically through the CM/ECF system, and delivered a true and correct copy to the following party, addressed as follows:

| | | |
|---|---|---|
| Raymond D. Powers | | |
| Portia L. Rauer | [ ] | U.S. Mail, postage prepaid |
| POWERS FARLEY, P.C. | [ ] | Hand-Delivered |
| 702 West Idaho Street, Suite 700 | [ ] | Overnight Mail |
| Boise, ID 83702 | [ ] | Facsimile |
| Telephone: (208) 577-5100 | [ ] | E-mail |
| E-mails:  contact@powersfarley.com | [ ] | ECF |
|     rdp@powersfarley.com | | |
|     plr@powersfarley.com | | |

*Attorneys for Plaintiffs*

Anne Sullivan Magnelli