# EXHIBIT G

Anne S. Magnelli ISB # 9452
Nicole M. Jenkins, ISB # 12191
ANDERSON, JULIAN & HULL, LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:   (208) 344-5800
Facsimile:    (208) 344-5510
E-Mail:         amagnelli@ajhlaw.com
                    njenkins@ajhlaw.com
                    service@ajhlaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL J. CHAMPINE, individually and on behalf of his minor daughter, I.J.C.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRIS RYAN, an individual; BOISE SCHOOL DISTRICT; and DOES I-X, individuals and/or entities of unknown origin,<br><br>Defendants. | Case No.  1:23-CV-00338-DCN<br><br>**PROTECTIVE ORDER** |

COMES NOW the Court and hereby enters the following Protective Order to expedite the exchange of privileged and confidential documents and to protect certain Discovery Material pursuant to the terms below and in accordance with Fed. R. Civ. P. 26(c).

1.   **Definitions**

(a)   "Party" means a plaintiff or defendant in this Litigation, agents acting on behalf of a Party.

(b)   "Discovery Material" is all information, regardless of medium or manner generated, stored or maintained, which may include, but is not limited to, documents, deposition

**PROTECTIVE ORDER - 1**

testimony and transcripts, answers to interrogatories and tangible things produced by a Party or person (whether produced, filed or served pursuant to Fed. R. Civ. P. 34, subpoena or otherwise) or otherwise generated in disclosures or responses to discovery and responses to requests for admission in this Litigation.

(c) "Document" or "Documents" are to have the broadest meaning under the Federal Rules of Civil Procedure and applicable local rules.

(d) "Confidential" is Discovery Material that the designating Party believes in good faith contains personal information not generally disclosed to the public by that Party or person and/or information the designating party believes in good faith to contain highly sensitive information related to an individual's family, financial, medical, or personnel records. This designation must be made by or under the supervision of an attorney.

2. **Designating Discovery Material**

(a) An attorney or someone acting under the supervision of an attorney for any Party may designate Discovery Material as Confidential, and that material must be treated in accordance with the provisions of this Order, provided that the materials are prepared in a manner and that they are marked prominently "Confidential" on each page of the document. If written discovery responses are entitled to protection under this Order, the portions of those answers or responses that contain Confidential information must be marked as Confidential.

(b) To the extent a Party wishes or is required to file Confidential Discovery Material with the Court, either in its original form, or as part of, or incorporated in another document, such as a complaint, the Party must electronically file a redacted copy omitting the Confidential or Highly Confidential information and must also serve an un-redacted copy of the same on all counsel of record in all of the actions. The filing Party must otherwise comply with

Dist. Idaho Loc. Civ. R. 5.3.

3. **Designating Depositions**

(a) Parties and deponents may, within 30 days after receiving a transcript of a deposition, designate pages of the transcript (and its exhibits) as Confidential or Highly Confidential to the extent the Party or deponent believes the pages contain material or information entitled to protection. These designations must be made in a letter from counsel indicating the page and line numbers of the deposition transcript that the Party or deponent designates as Confidential and is to be sent to counsel for the Party taking the deposition and to the court reporter. Until the expiration of the 30-day period when designations may be made, the entire deposition will be treated as Confidential. If a deposition is videotaped or otherwise recorded, those portions of the videotape or recording corresponding to the portions of the transcript that were designated as Confidential are afforded the same status.

4. **Use of Confidential Discovery Material**

(a) Unless otherwise ordered by a court, administrative agency or similar governmental or regulatory body of competent jurisdiction, Discovery Material designated as Confidential or Highly Confidential may be used only in connection with the prosecution or defense of claims, or in connection with the settlement of this Litigation.

(b) Confidential Discovery Material may be disclosed only:

    i. to the Parties;

    ii. to the Parties' counsel, and other support staff, engaged in the conduct of this Litigation;

    iii. to the Parties' counsel and their respective support staff engaged in the conduct of this Litigation on behalf of named Parties;

**PROTECTIVE ORDER - 3**

      iv.    to this Court or any other court exercising jurisdiction with respect to this Litigation, any appellate court(s), court personnel, jurors, alternate jurors and qualified persons (including necessary clerical personnel) who take, transcribe or otherwise record testimony or argument at any deposition, hearing, trial or appeal in this Litigation;

      v.    to any person designated by the Court upon whatever terms the Court deems proper;

      vi.    to any magistrate, special master, mediator or arbitrator engaged by the Parties or authorized by the Court;

      vii.    to agents, employees or other representatives of the Parties or their counsel in connection with this Litigation;

      viii.    to outside consultants, investigators or experts utilized for the purpose of assisting counsel or testifying in this Litigation.

**5.**     **Claims of Privilege and Work Product Protection**

(a)     If, in connection with the Litigation, information subject to a claim of attorney-client privilege or attorney-work product protection is disclosed ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information is not a waiver or forfeiture of any claim of privilege or work product protection that a Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

(b)     Nothing in this Order limits the right of any Party to petition the Court for an in camera review of the Disclosed Protected Information.

**6.**     **Confidential Discovery Material at Hearings and Trial**

Parties must meet and confer regarding disputes arising as to the use of Confidential

**PROTECTIVE ORDER - 4**

Discovery Material at a hearing or trial. To the extent the Parties fail to agree on a proposal addressing the use of Confidential Discovery Material at trial, they may submit alternative proposals to the Court for resolution.

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED, and this does order, adjudge and decree that the above-entitled Protective Order be and the above is hereby ordered.

    DATED _____.

    By_____
    DISTRICT JUDGE

**PROTECTIVE ORDER - 5**

CERTIFICATE OF MAILING

     I HEREBY CERTIFY that on this _____ day of _____, 2024, I served a true and correct copy of the foregoing by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | | |
|---|---|---|
| Raymond D. Powers | | |
| Portia L. Rauer | [ ] | U.S. Mail, postage prepaid |
| POWERS FARLEY, P.C. | [ ] | Hand-Delivered |
| 702 West Idaho Street, Suite 700 | [ ] | Overnight Mail |
| Boise, ID 83702 | [ ] | Facsimile |
| Telephone: (208) 577-5100 | [ ] | E-mail |
| E-mails: contact@powersfarley.com | [X] | ECF |
|         rdp@powersfarley.com | | |
|         plr@powersfarley.com | | |

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| Anne S. Magnelli | [ ] | U.S. Mail, postage prepaid |
| Nicole M. Jenkins | [ ] | Hand-Delivered |
| ANDERSON, JULIAN & HULL LLP | [ ] | Overnight Mail |
| C. W. Moore Plaza | [ ] | Facsimile |
| 250 South Fifth Street, Suite 700 | [ ] | E-mail |
| Post Office Box 7426 | [ ] | ECF |
| Boise, Idaho 83707-7426 | | |
| Telephone: (208) 344-5800 | | |
| E-mails: amagnelli@ajhlaw.com | | |
|        njenkins@ajhlaw.com | | |
|        service@ajhlaw.com | | |

*Attorneys for Defendants*

                                      _____
                                             CLERK

**PROTECTIVE ORDER - 6**