Anne S. Magnelli ISB # 9452
Zachary H. Jones, ISB # 10383
ANDERSON, JULIAN & HULL, LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:     (208) 344-5800
Facsimile:     (208) 344-5510
E-Mail:        amagnelli@ajhlaw.com
               zjones@ajhlaw.com
               service@ajhlaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL J. CHAMPINE, individually and on behalf of his minor daughter, I.J.C.,<br><br>        Plaintiffs,<br><br>vs.<br><br>CHRIS RYAN, an individual; BOISE SCHOOL DISTRICT; and DOES I-X, individuals and/or entities of unknown origin,<br><br>        Defendants. | Case No.  1:23-CV-00338-DCN<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE**<br><br>ORAL ARGUMENT REQUESTED |

COME NOW the above-entitled Defendants, CHRIS RYAN and BOISE SCHOOL DISTRICT, by and through their counsel of record, Anderson, Julian and Hull, LLP and hereby submit this Reply in Support of Defendants' Motion to Consolidate:

**I.     INTRODUCTION**

Defendants moved to consolidate the cases brought by Plaintiffs Michael Champine and Meg Champine in large part because they both assert claims on behalf of their daughter, I.J.C.,

for the same underlying alleged events.  Michael opposes consolidation, in part, because he claims to have the sole right to bring a claim on behalf of I.J.C.  This underscores, rather than undermines, the need to consolidate Michael's and Meg's cases, as it reveals the need to resolve which parent can bring these claims on behalf of I.J.C.  Michael's and Meg's cases should be consolidated for all purposes, including trial.

Defendants also moved to consolidate Michael's and Meg's cases with a third case brought by Plaintiffs Aaron and Amy Hummel, but only for purposes of discovery.  Given the overlap between the cases, consolidation for purposes of discovery is appropriate.  As such, the Court should grant Defendants' Motion to Consolidate.[1]

## II.     ARGUMENT

As discussed below, the Court should consolidate Michael's and Meg's cases for all purposes and should consolidate Michael's and Meg's cases with the Hummels' case for purposes of discovery only.

**A.     Michael's and Meg's Cases Should Be Consolidated for All Purposes.**

Michael has failed to show that consolidation would prejudice his claims and, in fact, has actually provided additional reasons why consolidation should be granted.

As a preliminary matter, the caselaw relied upon by Michael is distinguishable.  In his opposition brief, Michael cited four cases in which consolidation was denied or severance was granted.  (*See* Dkt. 28, at 3–4.)  But, importantly, none of these four cases involved two separate

---

[1]  According to their responses in the other two cases, the Hummels and Meg are not opposed in principle to consolidate their cases with Michael's case, so long as consolidation is subject to certain terms, such as adopting a discovery deadline of December 31, 2024, for all cases.  They also propose a protective order to prevent sensitive information from being shared between the various Plaintiffs.  Defendants are agreeable to these proposals in principle and share this information so that Michael can be better prepared to discuss specific terms of consolidation at any hearing on this motion.

plaintiffs both bringing claims on behalf of a third person. *See generally*, *Idaho Wool Growers Assoc. v. Schafer*, 2009 WL 73738 (D. Idaho Jan. 8, 2009); *Pizzuto v. Tewalt*, 2024 WL 1834473 (D. Idaho Apr. 26, 2024); *Miller v. Bayer Healthcare Pharms., Inc.*, 2017 WL 2313287 (W.D. Mo. Mar. 6, 2017); *Peters v. Woodbury Cnty., Iowa*, 291 F.R.D. 316, 319 (N.D. Iowa 2013). In addition, in each of these cases, either there were not common issues of fact or there was not a risk of duplicative litigation. *See Idaho Wool Growers Assoc.*, 2009 WL 73738, at *2 (noting that "[t]hese circumstances do not threaten defendants with duplicative litigation, at least at this point"); *Pizzuto*, 2024 WL 1834473, at *2 (noting that "each plaintiff's Eighth Amendment claim is based upon his own unique purported health conditions and medication histories"); *Miller*, 2017 WL 2313287, at *1 (noting that "the record clearly demonstrates that the factual scenarios differ between the two causes of action"); *Peters*, 291 F.R.D. at 319 (noting that, "while the factual circumstances presented by the two cases are generally similar, there are virtually no *common* issues of fact"). In contrast to these cases, Michael and Meg are bringing claims on behalf of the same minor child, the claims are based on the same set of alleged facts, and there is a risk of duplicative litigation.

As discussed below, Michael has failed to show that consolidation should not be granted. Instead, some of his arguments illustrate why consolidation is proper.

### 1. Michael's Assertion that He Has Sole Legal Custody Supports Consolidation.

In his opposition, Michael repeatedly asserts that he has the sole right to bring claims on behalf of I.J.C. based on Michael having sole legal custody. (*See* Dkt. 28, at 2, 6, 8–9.) Michael contends that "Meg has no such rights, yielding her claim as illegitimate" and that Meg "is precluded from pursuing any claims on behalf of her daughter." (*Id.* 6, 9.) But, rather than being a basis for denying consolidation, Michael's position supports it. As Defendants showed in their

opening brief, Michael and Meg both bring claims on behalf of their daughter and, notably, many of the claims are brought under the exact same legal theories. (*See* Dkt. 25-1, at 8–9.) Their remaining claims are premised on the same alleged set of facts even though they are brought under different legal theories. (*See id.*) Michael, by arguing that he is the only one who can bring these claims on behalf of I.J.C., has simply confirmed that his claims overlap and compete with Meg's claims. As such, consolidation is needed to avoid inconsistent verdicts.

Michael raises a number of potential issues, but those concerns are unwarranted. For instance, Michael asserts that consolidation would prejudice his claims because it would "compromis[e] Michael's ability to fully develop and pursue his own independent legal strategies for pursuing this case" and "undermin[e] Michael's custodial responsibilities to exercise decisions that are in I.J.C.'s best interests." (Dkt. 28, at 8.) But consolidation would not threaten these interests. Consolidation does not mean that Michael is somehow prevented from pursuing his own independent legal strategies—he would still have his own counsel and be entitled to pursue his case as he sees fit. He would not be subject to Meg's control. In addition, rather than undermining Michael's custodial responsibilities, having the cases consolidated would arguably further his custodial responsibilities, as it would provide an avenue for Michael to argue that Meg cannot maintain a claim on behalf of I.J.C.

Michael also appears worried that consolidation might deprive him "of the ability to exercise the legal duties vested in him through the grant of sole legal custody." (*Id.* 9.) But granting consolidation in no way determines whether or not Michael has sole legal custody or whether his rights preclude Meg's claims. Instead, that is something that can be determined once the cases are consolidated, to the extent appropriate in this non-Family Court proceeding.

Michael recognizes that he will need to litigate whether his right to sole legal custody precludes Meg from bringing claims on behalf of I.J.C. In a footnote, Michael states that he "intends to intervene in Meg's lawsuit and move the court for an order dismissing the action on the grounds that Meg does not have legal standing to bring an action on I.J.C.'s behalf." (*Id.* 9 n.20.) Candidly, this appears to Defendants to be a good idea, and one which perhaps only Michael has the standing to pursue. But this is an issue that can still be decided once consolidation is granted—there is no need to file a motion to intervene if the cases are consolidated, and Michael could still move to dismiss Meg's claims at that stage. In any event, Michael's intent to intervene in Meg's case only further confirms that these cases need to be consolidated to avoid the risk of inconsistent verdicts.

**2.      Michael has Not Shown Prejudice if Consolidation is Granted.**

Michael asserts a number of reasons why he believes his claims will be prejudiced. Upon closer examination, however, his reasons fail to show prejudice. Each reason is discussed below.

First, Michael asserts that "[c]onsolidation would be unfairly prejudicial to I.J.C. in the present action because her causes of actions and factual allegations would be lumped together with the causes of action and factual allegations of the two other cases." (*Id.* 5.) What Michael apparently forgets, however, is that Defendants are not asking the Court to consolidate the Hummels' case for purposes of trial. There is no risk of unfair prejudice from factual allegations from the Hummels' case because the Hummels' claims will not be at issue in Michael's and Meg's joint trial. Only Michael's and Meg's cases would be tried together. As discussed previously, their claims substantially overlap and concern the same set of alleged underlying events. Most importantly, they both bring claims on behalf of I.J.C. for the same alleged

injuries.  There will not be prejudice from trying these cases together.  Instead, it will promote the interests of justice by avoiding the risk of inconsistent verdicts, and streamlining the cases.

Second, Michael asserts that "[c]onsolidation would lead to confusion of the facts and issues for the jury."  (*Id.* 5.)  But, left unexplained is just how the jury could become confused.  The claims that Michael and Meg bring on behalf of I.J.C. are predicated on the exact same set of alleged facts.  Although Michael and Meg bring their own claims for negligent and intentional infliction of emotional distress, their individual claims stem from the same set of alleged facts regarding the claims brought on behalf of I.J.C.  Defendants submit that the jury can keep Michael's and Meg's individual claims distinct and that there will not be confusion.  Notably, the fact that Michael filed a complaint asserting his own individual claims along with claims brought on behalf of I.J.C. suggests strongly that Michael believes the jury can keep those two sets of claims distinct.  A jury can just as easily keep Meg's individual claims distinct.  There is no prejudice from potential confusion by a jury.

Third, and relatedly, Michael argues that consolidating his case "with the other two cases would be unfairly prejudicial to [I.J.C.] by . . . diluting her claims as a result of being mixed with other claims."  (*Id.* 8.)  Again, this simply misunderstands Defendants' motion—I.J.C.'s claims will not be diluted by the Hummels' claims because the claims will not be tried together at trial.  Given that Michael and Meg assert some claims that have different legal theories, consolidation will mean that I.J.C. will have a larger of number of claims at trial, which would seem to be the opposite of diluting her claims.  Of course, Meg's claims for negligent and intentional infliction

of emotional distress will be added, but these center on the alleged events to I.J.C.[2]  As such, Michael's concerns about prejudice via diluting I.J.C.'s claims lack merit.

Fourth, Michael asserts that consolidation would "compromis[e] I.J.C.'s ability to fully address the trauma and harm she has suffered."  (*Id.*)  But Michael does not explain why.  In addition, Michael does not explain how I.J.C. testifying at two separate trials (and being deposed twice) would reduce her trauma as opposed to compounding it.  Most minors would find this a very personal and sensitive issue to testify about, potentially increasing their trauma. Consolidating Michael's and Meg's cases would likely be beneficial for I.J.C. as it concerns her emotional state, as she would then only have to be deposed and testify at trial once instead of twice.

### 3. Consolidation Will Be More Convenient for the Parties.

Michael appears to criticize Defendants for seeking consolidation for purposes of promoting Defendant's own convenience.  (*See id.* 1, 6.)  But convenience is a factor that supports consolidation.  *See Pizzuto*, 2024 WL 1834473, at *2.  In addition, consolidation would not be only for the Defendants' convenience—it would also promote the convenience of I.J.C., as she would not have to be deposed twice and testify at two separate trials.

### 4. Michael's Allegations About Meg's Actions Further Show that Consolidation is Needed.

Michael avers in his declaration that he "learned that Meg encouraged improper continued contact with [Scott] Crandell over the course of years and her conduct continued through the ongoing repeated abuse of I.J.C." (Dkt. 28-1, at ¶ 8.)  Michael's allegation that Meg

---

[2]  It seems unlikely that Michael can be in earnest that that a parent's claims for negligent and intentional infliction of emotional distress would dilute I.J.C.'s claims.  If he was actually concerned about the potential for dilution, then he would not have brought his own claims along with I.J.C.'s claims.  The fact that he brought his own claims belies his assertion that I.J.C.'s claims would suffer prejudice via being diluted by Meg's claims.

actually *encouraged* Crandell's improper conduct with I.J.C. further confirms that Michael's and Meg's cases should be consolidated. Considering Michael's and Meg's cases separately helps illustrate why.

For Michael's case, Meg's alleged actions in encouraging Crandell's improper actions would be admissible as negligence by a third party. Any negligence by Meg in causing I.J.C.'s and Michael's alleged injuries would reduce the percentage of any negligence, if any, that the jury finds on the part of Defendants. *See* I.C. § 6-801; IDJI 1.41.4.3. This would require taking Meg's deposition and having her testify as a witness at trial in Michael's case.

For Meg's case, Michael's evidence that Meg encouraged the improper behavior would be admissible to show her comparative negligence for her claims. *See* I.C. § 6-801. Regarding the claims that Meg asserts on I.J.C.'s behalf, any negligence by Meg would reduce the percentage of negligence (if any) attributable to Defendants. *See id.*; IDJI 1.41.4.3. This would require taking Michael's deposition to learn what information he has regarding Meg's potentially-negligent actions and potentially having Michael testify in Meg's trial.

In short, Meg's alleged negligence will be an issue in both Michael's and Meg's cases. This only confirms that the two cases share common questions of fact and that consolidating the cases would conserve the parties' and this Court's resources.

**5.      Any Potential Prejudice Is Outweighed by the Benefits of Consolidation.**

Even if Michael has shown some sort of prejudice, any such prejudice is slight and does not outweigh the many factors supporting consolidation. Michael's and Meg's cases concern the same set of alleged events, meaning that consolidation would promote judicial efficiency and conserve the parties' resources for discovery, motion practice, and trial. In addition, there is a substantial risk of inconsistent verdicts or a double-recovery for I.J.C., both of which would

likely require post-trial litigation to resolve. This potential for messy post-trial litigation would be obviated by consolidating the cases, which would allow the Court to determine—before trial and in an orderly fashion—whether Meg can assert claims on behalf of I.J.C. All of these considerations support consolidating Michael's and Meg's cases even assuming Michael has shown prejudice of some kind.

**B.** **The Hummels' Case Should Be Consolidated with Michael's and Meg's Cases for Purposes of Discovery Only.**

In their opening brief, Defendants showed that, although the Hummels' case concerns a different minor child, the scenario is similar to Michael's and Meg's allegations. (*See* Dkt. 25-1, at 11.) In all cases, it is alleged that Crandell abused other students and that he was an agent of Defendants Boise School District and/or Defendant Fairmont Junior High and was supervised by Defendant Chris Ryan. (*See id.*) And, in fact, the Hummels' Complaint actually refers to facts regarding I.J.C.'s alleged abuse. (*See id.*) Notably, in Michael's opposition, he does not contest that the Hummels' Complaint expressly refers to facts related to I.J.C. (*See generally*, Dkt. 28.)

In opposing consolidation with the Hummels' case, Michael again appears to misunderstand that Defendants are not asking to consolidate the Hummels' case for purposes of trial.[3] For instance, Michael asserts that the "young girls" each "deserve to have their own day in court to tell their own story of what happened, without the risk of one set of facts being confused with another set of facts." (*Id.* 10.) But Defendants are not seeking consolidation of the Hummels' case for purposes of trial and, thus, each minor child will have her own day in court.

---

[3] Michael also misrepresents the Defendants' position by writing that "Defendants claim that because the Hummels, Michael, and Meg all allege that Crandell abused other students, the individualized nature of the alleged conduct, and the distinct circumstances of each child victim are irrelevant." (Dkt. 28, at 10 (internal quotation marks and footnote omitted).) Defendants never made this claim but, instead, recognized that "the Hummels' case concerns a different minor child." (Dkt. 25-1, at 10.) The reason that consolidation is warranted is because there is substantial overlap between the factual bases for the claims.

Michael's main concern appears to be that he will receive additional information in discovery that may not be relevant to his claims. For instance, Michael hypothesizes that Defendants, in responding to three sets of discovery, will respond by producing "one big document set without splitting out the documents according to what was requested by each separate Plaintiff." (*Id.* 11–12.) But this concern lacks merit—all Michael would have to do is ask, in his discovery requests, that the responsive documents be identified by Bates numbers.

Next, Michael asserts that scheduling depositions would be more difficult if consolidation is granted because "[s]cheduling with numerous lawyer's calendars could be very problematic." (*Id.* 12.) What Michael has evidently missed is that Meg and the Hummels share the same attorneys. (*See* Dkt. 25-4, Dkt. 25-5.) If Michael's case is consolidated with Meg's case (which Defendants anticipate will happen), then the Hummels' attorneys will be already involved in scheduling depositions. Adding the Hummels' case would not involve coordinating with additional attorneys' schedules. Instead, if the Hummels' case is not consolidated for purposes of discovery, then the scheduling problems will increase, given that counsel for the Hummels and Meg will have to be involved in scheduling two separate depositions for the same witnesses involved in each case.

Defendants recognize that consolidating the Hummels' case for purposes of discovery could mean a lengthier deposition for certain witnesses that have information pertinent to all cases.[4] However, given the overlap between the factual bases of the cases, the time saved by taking a joint deposition would likely save significant time for the parties. For all these reasons, the Court should consolidate these cases for purposes of discovery only.

---

[4] For witnesses that have information pertinent to only the Hummels' case, Michael is free to not have his counsel attend those depositions.

### III.    CONCLUSION

For the reasons discussed above, as well as those articulated previously, the Court should

grant Defendants' Motion to Consolidate.

DATED this 30th day of July, 2024.

ANDERSON, JULIAN & HULL LLP

By:    _/s/ Anne S. Magnelli_____
        Anne S. Magnelli, Of the Firm
        Zachary H. Jones, Of the Firm
        Attorneys for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 30th day of July, 2024, I served a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

Raymond D. Powers
Portia L. Rauer                                        [  ]     U.S. Mail, postage prepaid
POWERS FARLEY, P.C.                                    [  ]     Hand-Delivered
702 West Idaho Street, Suite 700                       [  ]     Overnight Mail
Boise, ID 83702                                        [  ]     Facsimile
Telephone: (208) 577-5100                              [  ]     E-mail
E-mails:  contact@powersfarley.com                     [**X**]  ECF
        rdp@powersfarley.com
        plr@powersfarley.com

*Attorneys for Plaintiffs*


                                    */s/ Anne S. Magnelli*_____
                                        Anne Sullivan Magnelli