UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL CHAMPINE, individually and on behalf of his minor daughter, I.J.C.,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS RYAN, an individual, BOISE SCHOOL DISTRICT, and DOES I-X, individuals and/or entities of unknown origin,<br><br>Defendants. | Case No. 1:23-cv-00338-DCN<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Defendants' Emergency Motion to Stay Certain Discovery. Dkt. 38. Defendants specifically seek to stay the depositions of two individuals pending the Court's ruling on other motions. *See generally id*.

Because the depositions Defendants seek to stay are fast approaching, the Court granted Defendants' related Motion to Expedite Briefing and Ruling. Dkts. 39, 40. Plaintiff has now responded in opposition to Defendants' Motion (Dkt. 41) and Defendants' have replied (Dkt. 42).

For the reasons set forth below, the Court GRANTS Defendants' Motion and will enter a limited stay of discovery until it can issue rulings on other motions.

**MEMORANDUM DECISION AND ORDER - 1**

## II. BACKGROUND

This case is one of three-related cases[1] involving allegations that minor children were sexually abused by Scott Crandell (a social worker and guidance counselor at Fairmont Junior High) and that Defendant Ryan (the principal at Fairmont Junior High) allegedly failed to take appropriate action.

There are multiple motions currently pending in the three cases. Namely, there are motions to consolidate in all three cases, a motion to intervene in one case, a motion for protective order in one case, and various motions to seal across the three cases.[2]

Most relevant here are the Motion to Consolidate and the Motion for Protective Order filed in this case. Defendants assert the resolution of these two motions would be helpful *before* proceeding forward with the depositions of Defendant Chris Ryan and Dan Skinner (the School District's general counsel), currently scheduled for October 15, 2024, and October 24, 2024, respectively.

## III. LEGAL STANDARD

Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(e). A scheduling order "may be modified only for good cause and with the judge's consent." *Id.* at 16(b)(4). A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment.

---

[1] The other two cases are 1:23-cv-00436-DCN and 1:23-cv-00437-DCN.

[2] Of note, the parties in the related cases have stipulated to vacate all deadlines pending the resolution of the motion to consolidate.

MEMORANDUM DECISION AND ORDER - 2

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).

## IV. DISCUSSION

Defendants do not want to stay all discovery in this case. They simply want to hold off on the depositions of Ryan and Skinner until fourteen days after the Court rules on the Motion to Consolidate and Motion for Protective Order. They maintain the resolution of those two motions will aid them in these depositions. Specifically, because the resolution of the protective order could affect questions and answers at the deposition about privileged, confidential, private, or personal information, Defendants aver knowing the Court's ruling beforehand will avoid disagreements during the depositions and motion practice afterwards. Plaintiff disagrees with Defendants' supposition that the depositions will be hindered absent resolution of the two pending motions. He asserts that, to the extent any disagreements even arise about protected information, an objection can be lodged, and the matter can be dealt with after-the-fact.

The Court is faced with very valid competing arguments in the present Motion. On the one hand, taking a brief pause on these two depositions could alleviate future motion practice (or additional depositions). On the other hand, if the Court allows the depositions to proceed and nothing difficult arises, the parties avoided an unnecessary delay in discovery. The Court's concern is, frankly, there is no way to know which outcome is more likely (or more efficient). The parties have their competing positions. But, like the parties, the Court cannot say for sure what will actually happen at the depositions and whether, if

MEMORANDUM DECISION AND ORDER - 3

at all, the Court's rulings on the other issues will impact the deposition testimony. The Court is, however, concerned that the two pending motions *might* affect these depositions, which is the primary reason why it will grant a limited stay at this time.[3]

The primary issue here is timing—timing of the depositions, timing of discovery, and timing of Court rulings. As to the last category, the Court has 367 civil and criminal cases currently on its docket—with 208 motions pending between them—and thus it has taken longer than anticipated to address the Motion to Consolidate and the Motion for Protective Order in this case.

The parties have been working diligently in this case (and the other cases). There have been a lot of moving parts between the three cases (and outside proceedings in Idaho state court). The parties in this case recently extended the discovery deadlines into next year based *primarily* on the fact that the pending motions needed to be adjudicated to effectively proceed with discovery. *See* Dkt. 34, at 1. Upon review, the Court finds a similar approach is warranted as to these two depositions.

The Court understands Plaintiff's (and Defendants') desire for the case to move towards completion in an efficient and timely manner. Although it remains to be seen what impact the Court's rulings on the two other motions will actually have on the depositions, it is better to resolve those matters first to avoid additional motion practice or additional depositions.

---

[3] Candidly, the Court does not see the consolidation motion as having a large impact on these depositions. The bigger issue is (potentially) the Motion for Protective Order.

MEMORANDUM DECISION AND ORDER - 4

As the Court has noted before, "sometimes the expeditious thing to do is continue with discovery. But ofttimes, it is more economical to pause further action—e.g. discovery, briefing, motions—while other matters are resolved." *Martinez v. Albright*, 2024 WL 2805289, at *2 (D. Idaho May 31, 2024). That is what the Court will do here.

## V. ORDER

1. Defendants' Emergency Motion to Stay Certain Discovery (Dkt. 38) is **GRANTED**. The depositions of Defendant Chris Ryan and Defendant Boise School District's general counsel, Dan Skinner, are stayed until fourteen days after the Court's ruling on the Motion to Consolidate and the Motion for Protective Order. This stay *does not* affect any other discovery.

DATED: October 10, 2024

David C. Nye
Chief U.S. District Court Judge