Raymond D. Powers, ISB #2737
Portia L. Rauer, ISB #7233
POWERS FARLEY, P.C.
702 West Idaho Street, Suite 700
Boise, ID 83702
Telephone: (208) 577-5100
E-mails:  contact@powersfarley.com
        rdp@powersfarley.com
        plr@powersfarley.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL J. CHAMPINE, individually and on behalf of his minor daughter, I.J.C., <br><br> Plaintiff, <br><br> vs. <br><br> CHRIS RYAN, an individual; BOISE SCHOOL DISTRICT; DANIEL SKINNER, an individual and DOES I-X, individuals and/or entities of unknown origin, <br><br> Defendants. | Case No. 1:23-CV-00338-DCN <br><br><br> PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMES NOW**, the above-named Plaintiff MICHAEL J. CHAMPINE, individually and as natural parent of I.J.C., a minor, by and through his attorneys of record, Powers Farley, PC, and alleges as follows:

**INTRODUCTION & NATURE OF THE CASE**

1.      Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions and omissions of Defendants CHRIS RYAN

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 1**

("Defendant Ryan"), BOISE SCHOOL DISTRICT ("Defendant BSD"), DANIEL SKINNER ("Defendant Skinner") and other teachers and staff at Fairmont Jr. High for their actions in failing to train school staff to report concerns of sexual abuse, failing to properly supervise school staff, for their failure to report concerns of abuse of I.J.C., and for their failure to protect I.J.C. from sexual abuse.

2.      Defendants are directly liable for the injuries alleged herein under federal law pursuant to 42 U.S.C. § 1983 and state law.

## JURISDICTION AND VENUE

3.      Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (civil rights).

4.      The Court has supplemental jurisdiction under 28 U.S.C. § 1367 as the state and federal claims share a common nucleus of operative facts.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in Ada County Idaho, which is located in the Southern Division of the United States District Court for the State of Idaho. Plaintiff, at all relevant times, is a citizen and resident of Ada County, Idaho. This Court also has specific personal jurisdiction over all Defendants.

## PARTIES

6.      At all times relevant hereto, Plaintiff Michael J. Champine, individually and as natural father of his minor daughter, I.J.C. ("Plaintiff"), is a resident of Ada County, Idaho.

7.      At all times relevant hereto, upon information and belief, Defendant Ryan was, and currently is, a resident of the State of Idaho, was the Principal of Fairmont Jr. High School, located in Ada County, Idaho, and was an agent of Defendant BSD acting within the course and scope of his employment with BSD.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 2**

8.      At all times relevant hereto, Defendant BSD is a political subdivision of the State of Idaho, duly and legally organized and created pursuant to the laws of the State of Idaho, and authorized to do business within this state.  Fairmont Jr. High School is an academic institution under the governance of BSD and located in Ada County, Idaho.

9.      At all times relevant hereto, upon information and belief, Defendant Skinner was, and currently is, a resident of the State of Idaho, was the general counsel for Defendant BSD, located in Ada County, Idaho, and was an agent of Defendant BSD acting within the course and scope of his employment with BSD.

10.     Prior to commencement of this action, Plaintiff served a timely Notice of Tort Claim on Defendant BSD in accordance with the requirements of Idaho Code § 6-905.

11.     The true names of Does I – X are unknown.  Each Doe Defendant is responsible in some manner for the acts and omissions alleged herein, and each is an agent, employee, and/or official policymaker of BSD.  Plaintiff will move the Court to allow amendment if they become known.

12.     At all times relevant hereto, upon information and belief, Scott Crandell (hereinafter "Crandell") was a resident of Ada County Idaho.

13.     At all times relevant hereto, Crandell was a social worker on staff at Fairmont Jr. High School, was an agent of Defendant BSD, and was acting within the course and scope of his employment with BSD.

14.     Crandell committed suicide on December 17, 2022.

## GENERAL ALLEGATIONS

15.     Plaintiff incorporates the allegations of paragraphs 1 through 14 above as if fully set forth herein.

PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 3

16.     At all times relevant hereto, Defendant Ryan was employed by Defendant BSD as the Principal of Fairmont Jr. High, which is located in Ada County Idaho. As an employee, Defendant Ryan acted in the course and scope of his employment with BSD at all times relevant to the claims and allegations asserted herein.

17.     At all times relevant hereto, Crandell was employed by Defendant BSD as a social worker at Fairmont Jr. High and was acting within the course and scope of his employment with BSD at all times relevant to the claims and allegations asserted herein.

18.     At all times relevant hereto Defendant Skinner was employed by Defendant BSD as its general counsel and was acting within the course and scope of his employment with BSD at all times relevant to the claims and allegations asserted herein.

19.     At all times relevant hereto, Plaintiff's daughter, I.J.C., was a student at Fairmont Jr. High and was between the ages of 13 and 14.

20.     Upon information and belief, I.J.C. first met Crandell when she was in the 7th grade. Crandell, through his capacity as a social worker, helped I.J.C. transition into Fairmont Jr. High, provided "counseling" services, and became involved in I.J.C.'s Individualized Education Program/Plan.

21.     Upon information and belief, Blair Krigbaum, a teacher at Fairmont Jr. High, while acting in the course and scope of her employment with BSD, reported concerns to Defendant Ryan about Crandell's inappropriate relationship with I.J.C. as early as October 2021 and continued to so report her concerns through the Spring 2022. Yet, Defendant Ryan failed to investigate or report Crandell's inappropriate behavior to the Idaho Department of Health and Welfare (IDHW), the School Resource Officer for Fairmont Jr. High (SRO), or the Boise Police Department as required by Idaho Code § 16-1605.

22.     In early March, 2022, Plaintiff became aware that Crandell was texting I.J.C. in the evenings and on the weekends.  On or about March 10, 2022, concerned about Crandell's inappropriate behavior, Plaintiff contacted Defendant Ryan via telephone to express that he was uncomfortable with the relationship between Crandell and I.J.C.  During this phone call, Defendant Ryan told Plaintiff he would address the issue with Crandell.

23.     Upon information and belief, Defendant Ryan did not report Plaintiff's concerns of Crandell's inappropriate behavior to the IDHW, the SRO, or the Boise Police Department as required by Idaho Code § 16-1605.

24.     Upon information and belief, on or about April 14, 2022, members of Fairmont Jr. High staff also reported to Defendant Ryan concerns that Crandell was having an inappropriate relationship with I.J.C., since I.J.C. would consistently miss class to visit Crandell's office. Despite Crandell's knowledge of the negative effects such visits had on I.J.C.'s academic performance, he excused her absences. Defendant Ryan took no action to address the staff members concerns about Crandell's inappropriate behavior.

25.     Upon information and belief, neither Defendant Ryan nor teachers or staff at Fairmont Jr. High reported the above-mentioned concerns about Crandell's inappropriate behavior to the IDHW, the SRO, or the Boise Police Department as required by Idaho Code § 16-1605.

26.     Upon information and belief, on or about May 4, 2022, Ms. Krigbaum, while acting in the course and scope of her employment with BSD, again reported to Defendant Ryan, via email, concerns that Crandell was having an inappropriate relationship with I.J.C.  Ms. Krigbaum reported to Defendant Ryan that I.J.C. had emailed Crandell and told him "I love you" and I.J.C. stated in a subsequent email to Crandell something to the effect of "don't do anything with her that you wouldn't do with me."

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 5**

27.    Upon information and belief, Defendant Ryan told Crandell about the teacher's concerns in May 2022 but was dismissive about the teacher's concerns and labeled her a "busy body." Instead of protecting I.J.C., Defendant Ryan sought to protect Crandell's reputation.

28.    Upon information and belief, Defendant Ryan told Ms. Krigbaum to stop worrying about Crandell's relationship with I.J.C. and to stop coming to him about Crandell's relationship with I.J.C. because she was no longer I.J.C.'s teacher.

29.    Upon information and belief, neither Defendant Ryan nor any teacher, counselor, social worker or staff members at Fairmont Jr. High reported the above-mentioned concerns to the IDHW, the SRO, or the Boise Police Department as required under Idaho Code § 16-1605.

30.    Upon information and belief, after Plaintiff reported his ongoing concerns to Defendant Ryan, at some point Crandell ceased texting with I.J.C. but continued to communicate with her through SnapChat, a popular cell phone application.

31.    Upon information and belief, Crandell sent I.J.C. two photos of his penis, through SnapChat, and I.J.C. sent him a full-body nude image of herself.

32.    Upon information and belief, in the Fall of 2022, BSD conducted an internal investigation of Phil Hiller, a teacher at Fairmont Jr. High School, for allegations that he sexually battered I.J.C. on school grounds.

33.    Upon information and belief, Defendant Ryan, and administration within BSD, including Defendant Skinner were aware of the alleged sexual battery of I.J.C. by Mr. Hiller, but the possible abuse of I.J.C. was never reported to the IDHW, the SRO, or Boise police as required under Idaho Code § 16-1605.

34.    Upon information and belief, during the internal investigation of Mr. Hiller, Defendant Ryan informed his "boss," who was likely to include Coby Dennis, Lisa Roberts, and/or Defendant Skinner, as well as a representative from BSD's Human Resource department, that he

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 6**

believed Crandell "could be accused (of sexual battery) next or that Scott could be crossing some boundaries." None of these individuals, however, reported the ongoing concerns about Crandell to the IDHW, the SRO, or Boise police as required under Idaho Code § 16-1605.

35.     In the Fall 2022, Plaintiff was, again, concerned that Crandell's inappropriate behavior with I.J.C. was inappropriate when he learned Crandell remained engaged in communications with I.J.C.

36.     Upon information and belief, during the Fall of 2022, I.J.C's homeroom teacher Yolanda Martinez ("Ms. Martinez") observed and reported several instances of concerning behavior between I.J.C. and Crandell.

37.     Ms. Martinez observed I.J.C. leave Fairmont Jr. High during the lunch hour in a car driven by Crandell. The incident was recorded on a cellphone and Ms. Martinez promptly reported her concern to Defendant Ryan, who insisted that there was authorization permitting I.J.C. to leave with Crandell. No such authorization was ever given.

38.     Ms. Martinez observed the extent of I.J.C.'s irregular attendance in her homeroom and history classes, noting that I.J.C. often presented notes excusing her from class to visit Crandell's office.

39.     On November 11, 2022, Plaintiff personally appeared at Fairmont Jr. High and asked to meet with Defendant Ryan to, again, address his deepened concern about Crandell's inappropriate communications and behavior with I.J.C.  Plaintiff requested that Crandell be part of the meeting and Crandell was summoned to Defendant Ryan's office.  In the presence of Defendant Ryan, Plaintiff confronted Crandell about his continued, frequent contact with I.J.C., and told Crandell to cease any and all further contact with his daughter.

40.     Upon information and belief, following the meeting on November 11, 2022, Defendant Ryan, again, did not report the above-mentioned concerns to the IDHW, the SRO, or

the Boise Police Department as required by Idaho Code § 16-1605.  Furthermore, Defendant Ryan did not discipline Crandell in any way, nor did he limit Crandell's contact with I.J.C.

41.    Upon information and belief, Crandell had kissed I.J.C. during school hours while inside Crandell's office.

42.    Upon information and belief, Andrew Ramely, a teacher at Fairmont Jr. High, witnessed Crandell allow I.J.C. to put her hand into Crandell's pants pocket to retrieve his keys. This individual reported his concerns about Crandell's inappropriate behavior to Defendant Ryan.

43.    Upon information and belief, in the Fall 2022, while in his office and during school hours, Crandell attempted to unbutton I.J.C.'s pants.

44.    Upon information and belief, on December 8, 2022, Heath Shepard, a teacher at Fairmont Jr. High, and Ms. Krigbaum witnessed I.J.C. leave Crandell's school office in a manner so as not to be seen. When I.J.C. left Crandell's office the lights were off and the window shades closed.  These individuals witnessed Crandell leave his office moments later.  This incident was reported to Defendant Ryan and again Defendant Ryan did not report these concerns to the IDHW, the SRO, or Boise police as required under Idaho Code § 16-1605.

45.    Upon information and belief, Crandell had a history of disclosing to Heath Shepard details about the sex lives of some of the high school students whom Crandell counseled who also played on the sports teams that Shepard coached. Shepard stated that Crandell appeared to relish in the information of student's sexual activities.

46.    Upon information and belief, on December 12, 2022, Boise Police Department received an anonymous tip that Crandell was having an inappropriate and possible sexual relationship with I.J.C.

47.    Upon information and belief, when Boise Police interviewed Defendant Ryan regarding his understanding of the allegations against Crandell, Defendant Ryan admitted that he

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 8**

did not contact the IDHW, the SRO, or police to report the repeated concerns of Crandell's inappropriate behavior or relationship with I.J.C.  It was further determined that Defendant Ryan failed to report to IDHW, the SRO, or police the alleged sexual battery of I.J.C. committed by Phil Hiller.

48.    Upon information and belief, after meeting with Boise Police who were investigating the anonymous tip, instead of complying with the mandatory reporting requirements applicable to Defendant Ryan or putting Crandell on administrative leave, Defendant Ryan informed Crandell of the investigation and simply told Crandell to stay away from I.J.C. during the investigation.

49.    Upon information and belief, less than 24 hours after telling Crandell to stay away from I.J.C., Defendant Ryan found I.J.C. and Crandell together in Crandell's locked office.

50.    Upon information and belief, having made an anonymous report to the police about Crandell's inappropriate relationship with I.J.C, Ms. Krigbaum was confronted by Defendant Skinner within one business day of her submitting the anonymous report.  Defendant Skinner demanded to know if she was the tipster.  Defendant Skinner required that she turn over all the evidence she had about anything of concern to her related to I.J.C. and Crandell, and he instructed her not to speak with the press.  Defendant Skinner had a list of other school district employees he was going to interview about the matter, in addition to Ms. Krigbaum, which included Andrew Remaly, Heath Shephard, and Yolanda Martinez. Ultimately, Ms. Krigbaum and Ms. Martinez were given offers from the school district to leave Fairmont Jr. High School.

51.    Upon information and belief, Defendant Ryan, again, did not report his observation to the IDHW, the SRO, or the Boise Police Department as required by Idaho Code § 16-1605, nor did Defendant Ryan remove Crandell from his position at Fairmont Jr. High.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 9**

52.     Defendant Ryan, Defendant Skinner as well as teachers, counselors, social workers and staff at Fairmont Jr. High, negligently, recklessly, carelessly, and unlawfully failed to protect I.J.C., a minor student at Fairmont Jr. High, from sexual abuse of Crandell by repeatedly failing, over the course of fourteen months, to report the suspected abuse to the IDHW, the SRO, or the Boise Police Department as required by Idaho Code § 16-1605, or by taking additional steps to ensure that I.J.C. was protected from Crandell.

53.     As school teachers and persons with knowledge of possible sexual abuse of I.J.C., Defendant Ryan, Defendant Skinner as well as teachers, counselors, social workers or staff at Fairmont Jr. High, were subject to the requirements of Idaho Code § 16-1605(1) and had a statutory duty to report to law enforcement or the Department of Health and Welfare all allegations of abuse or concerns of possible abuse of I.J.C. within 24 hours after having been made aware of the possible abuse.

54.     At all times relevant hereto, Defendant Ryan, Defendant Skinner and Defendant BSD had a statutory duty under Idaho Code § 33-512 to protect the morals and health of students, including I.J.C.

55.     At all times relevant hereto, Defendant BSD, Defendant Ryan and Defendant Skinner had a duty to take reasonable steps to protect students from foreseeable risks of harm.

56.     Upon information and belief, on December 16, 2022, Boise Police served a search warrant for Crandell's cellphone and interviewed Crandell regarding his relationship with I.J.C.

57.     On December 17, 2022, Crandell committed suicide and left behind a note stating that he betrayed his wife and "fucked up."

58.     After Crandell committed suicide and his sexual abuse of I.J.C. was finally investigated, Plaintiff wanted to protect I.J.C. from further mental and emotional trauma associated

with her abuse so I.J.C. was withdrawn from the public school system so that she could be homeschooled.

59.    In order to accommodate I.J.C.'s homeschool program, it became necessary for Plaintiff to take extended time away from his employment and change employment positions to a reduced schedule to ensure that I.J.C. had proper parental, emotional, and educational support at home.

60.    Upon information and belief, there were other students abused by Crandell and other teachers at Fairmont Jr. High and such abuse was known to Defendant Ryan, Defendant Skinner and Defendant BSD. Despite knowledge of the abuse or concerns of possible abuse, both Defendant Ryan and Defendant Skinner failed to report the concerns to IDHW, the SRO, or the Boise Police Department as required by Idaho Code § 16-1605. Instead, Defendant Ryan would report the abuse or the concerns of possible abuse to individuals within Defendant BSD, including Defendant Skinner, who would then conduct an internal investigation without informing IDHW or the Boise Police Department.

61.    Having investigated the allegations raised against Crandell, Boise Police Lieutenant Terry Weir ("Lt. Weir") was so repulsed by Defendant Skinner and Defendant BSD's continued obstruction and repeated failure to report instances of sexual misconduct that he authored a police report ("the Police Report") capturing the extent of Defendant Skinner and Defendant BSD's illegal conduct.

62.    The Police Report authored by Lt. Weir documents Defendant BSD's repeated history of failing to report numerous instances of sexual misconduct to law enforcement or to IDHW.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 11**

63.     Lt. Weir's Police Report captures the extent of Defendant Skinner and Defendant BSD's continued obstruction of law enforcement's ability to conduct credible investigations surrounding allegations of sexual misconduct within the BSD.

64.     Upon information and belief, Defendant Skinner consciously adopted a strategy of interfering with law enforcement's ability to investigate matters of sexual misconduct. Specifically, upon the emergence of allegations of sexual misconduct, Defendant Skinner would inform the alleged perpetrator that if he/she resigned, his investigation into the allegations would cease and therefore, any information learned before law enforcement could conduct their own independent investigation would be considered "personnel-related" and not subject to disclosure without a subpoena or search warrant.

65.     Lt. Weir identified this methodology employed by Defendant Skinner as a practice known by educators as "passing the trash", whereby a school district allows teachers under investigation to resign without any investigation by law enforcement so they can secure another teaching position elsewhere.

66.     Upon information and belief, Defendant Skinner, acting as general counsel for Defendant BSD, utilized this practice of "passing the trash" during his "internal" investigations on a regular basis, including when Defendant Skinner conducted his own "internal" investigation of Boise High School teacher Bob Clark and Fairmont Jr. High teacher Phil Hiller.

67.     Upon information and belief, Boise Police Lieutenant Tim Brady ("Lt. Brady") called Defendant Skinner in an attempt to both identify and resolve this concerning pattern of behavior employed by Defendant Skinner and Defendant BSD. At such time, Defendant Skinner attributed BPD's attempt to renew such cooperation as a "fucking farce."

68.     Boise Police Officers having investigated the allegations raised against Crandell have testified as to Defendant Skinner's deceptive, obstructive and illegal practices.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 12**

69.    Upon information and belief, Boise Police Officer Jordan Gustin ("Officer Gustin') has provided testimony that Defendant Skinner indicated to him that the allegations made against Crandell would be investigated internally. Meaning that Defendant Skinner had sole discretion to investigate the matter and that the allegations would not be reported to law enforcement as is required under Idaho law.

70.    Upon information and belief, Defendant Skinner attempted to utilize the methodology known as "passing the trash" as it involved the accusations of sexual misconduct brought against Crandell.

71.    Upon information and belief, Lt. Weir was so repulsed by the tactics employed by Defendant Skinner and the deliberate indifference of Defendant BSD 's continued pattern of failing to report instances of sexual misconduct to the proper authorities that he submitted his Police Report to the Ada County Prosecutor's Office and US Attorney's Office.

72.    Despite Defendant BSD having actual knowledge that Defendant Ryan (a) had failed to report his concerns regar3095ding I.J.C.'s possible sexual abuse to the proper authorities; (b) had concerns that Crandell would be the next teacher to allegedly sexually batter I.J.C. or that Crandell would be next to cross a line with I.J.C.; (c) told Ms. Krigbaum to stop worrying about Crandell's inappropriate relationship with I.J.C.; and (d) knew Crandell had in-fact sexually abused I.J.C. both on and off school grounds, Defendant BSD did not terminate Defendant Ryan's employment but instead transferred him to the position of Administrative Consultant.

73.    Despite Defendant BSD having actual knowledge that Defendant Skinner employed such methodology known as "passing the trash" and having known that Defendant Skinner was made aware of repeated accusations of sexual misconduct made against district employees and yet failed to report such to the proper authorities, Defendant BSD did not terminate Defendant Skinner's employment.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 13**

**FIRST CAUSE OF ACTION**

*Violation of a substantive due process right* – **State Created Danger, 42 U.S.C. § 1983**

(*Defendant Ryan, Defendant Skinner, Defendant BSD, and Doe Employees*)

74.     Plaintiff incorporates the allegations of paragraphs 1 through 73 above as if fully set forth herein.

75.     The Federal Civil Rights Act provides a civil remedy against a person, who under color of state law, deprives another of federal rights cognizable under 42 U.S.C. § 1983.

76.     The Fourteenth Amendment substantive due process clause protects a child's right to bodily integrity and such right includes the right to be free from sexual abuse at the hands of Defendant BSD's agents and employees.

77.     I.J.C.'s rights to bodily integrity and to be free from sexual abuse were clearly established at the time they were violated.

78.     At all times referred to in this complaint, Defendant Ryan, Defendant Skinner and all those acting either in concert or in conjunction with them, or those acting independently, were acting under color of state law, and in their individual and/or official capacities as officials, agents and employees of Defendant BSD.

79.     Defendant Ryan, Defendant Skinner and all those acting either in concert or in conjunction with them, or those acting independently, while acting under color of state law, and in their individual and/or official capacities as officials, agents and employees of Defendant BSD, deprived I.J.C. of certain rights which were secured by the United States Constitution and other laws. This deprivation of rights has caused I.J.C. to suffer damages in an amount to be determined at trial.

80.     Specifically, Defendant Ryan, Defendant Skinner, teachers and staff at Fairmont Jr. High, and other employees of BSD, engaged in affirmative conduct in knowingly, intentionally

and with deliberate indifference, ignoring, attempting to conceal and/or suppressing reports of possible sexual abuse by Crandell against I.J.C., violated state law regarding the reporting and prevention of sexual and physical abuse, failed to protect I.J.C. from such abuse, and allowed the abuser, Crandell, unfettered access to I.J.C.

81.     Defendant Ryan, Defendant Skinner and those acting in concert with them and/or other employees of Defendant BSD, affirmatively created a dangerous situation that I.J.C. would not have otherwise faced.

82.     Defendants' conduct alleged hereinabove was performed with deliberate indifference to the liberty and substantive due process interests of I.J.C. Defendants were objectively and subjectively aware that multiple teachers within Fairmont Jr. High, as well as Plaintiff, were concerned about the inappropriate relationship between I.J.C. and Crandell. They were also aware of facts from which an inference could be drawn that a substantial risk of serious harm existed. The Defendants actually drew such an inference, and any reasonable official would have been compelled to draw such inference under the circumstances of this case.

83.     Despite the actual knowledge of these concerns and the inappropriate behavior, and the inferences that could be drawn therefrom, Defendant Ryan and officials and employees within BSD chose not to report the repeated concerns that Crandell was abusing I.J.C. Defendant Ryan told a concerned teacher to stop further inquiry into Crandell's inappropriate relationship with I.J.C., and, despite the multiple and repeated concerns that Crandell had an inappropriate relationship with I.J.C., Defendant Ryan and Defendant BSD chose not to limit Crandell's access to I.J.C., prohibit Crandell from contacting I.J.C. or take any step to further supervise Crandell to ensure that he would not harm I.J.C. Furthermore, Defendant Skinner conscientiously attempted to obstruct and otherwise stonewall the ability of law enforcement to collect critical information relating to Crandell's abuse of I.J.C.

84.     As a direct and proximate result of Defendants' actions, Crandell sexually abused I.J.C. while on school grounds.

85.     As a direct and proximate result of Defendants' deprivation of the rights due to I.J.C., I.J.C. suffered severe physical and psychological injury and other damages, which have been caused by Defendants.

86.     As a result of Defendants' conduct, Plaintiff requests an award of damages for each injury I.J.C. suffered, and reasonable attorneys' fees and costs expended to pursue these claims against the Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1988.

87.     Defendants' conduct as alleged herein involved reckless or callous indifference to the federally protected rights of I.J.C. and Plaintiff are therefore entitled to an award of punitive damages against the Defendants.

## SECOND CAUSE OF ACTION

*Violation of a substantive due process right* – **Monell Claim, 42 U.S.C. § 1983**

*(Defendant BSD)*

88.     Plaintiff incorporates the allegations of paragraphs 1 through 87 above as if fully set forth herein.

89.     The Federal Civil Rights Act provides a civil remedy against a person, who under color of state law, deprives another of federal rights cognizable under 42 U.S.C. § 1983.

90.     I.J.C. had a constitutional right to bodily integrity which includes the right to be free from sexual abuse at the hands of Defendant BSD's agents and employees.

91.     Defendant BSD acted with deliberate indifference and in accordance with a policy, practice or custom, when it failed to document, report and prevent physical and sexual abuse, it failed to supervise Defendant Ryan, Defendant Skinner, Crandell, and any other employees involved in the acts described herein, and failed in its duty to protect I.J.C. from a substantial risk

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 16**

of harm in violation of her rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This was a continued practice of Defendant BSD.

92.     As a direct and proximate result of Defendants' deprivation of the rights due to I.J.C., she suffered severe physical and psychological injury and other damages, which have been caused by Defendants.

93.     At all times referred to in this Complaint, Defendant Ryan, Defendant Skinner and all those acting either in concert or in conjunction with them, or those acting independently, were acting under color of state law, and in their individual and/or official capacities as officials, agents and employees of Defendant BSD.

94.     Officials, agents, and employees with policy-making authority within Defendant BSD ratified Defendant Ryan's unconstitutional actions of failing to protect I.J.C. from sexual abuse in deliberately choosing not to report the multiple concerns of I.J.C.'s possible sexual abuse.

95.     Officials, agents, and employees with policy-making authority within Defendant BSD ratified Defendant Skinner's unconstitutional actions of failing to protect students, including I.J.C., from sexual abuse by knowingly and deliberately allowing Defendant Skinner to continue deploying his strategy of interfering with law enforcement's ability to investigate matters of sexual misconduct under the pretense of protecting Defendant BSD.

96.     Ratification of Defendant Ryan's actions was evident when Defendant Ryan reported to administration, his "bosses," Defendant Skinner, and Human Resources within Defendant BSD that he was concerned Crandell was crossing boundaries with I.J.C. Ratification was evident when Defendant BSD knew that Defendant Ryan did not report these concerns to the proper parties, when Defendant BSD knew that Defendant Ryan never reported the sexual battery by Phil Hiller, and when it was determined that Defendant Ryan told Ms. Krigbaum to stop looking into Crandell's relationship with I.J.C. Ratification was also evident when Defendant BSD refused

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 17**

to terminate or reprimand Defendant Ryan and instead transferred him to a position as a Consulting Administrator for Defendant BSD. Finally, ratification was evident when Defendant Skinner was made aware of Crandell's misconduct and deliberately attempted to obstruct the ability of investigating officers to obtain critical evidence. Defendant BSD had knowledge of Skinner's criminal behavior and thus ratified it by refusing to terminate his employment.

97.    As a result of Defendants' conduct, I.J.C. requests an award of damages for each injury I.J.C. suffered, reasonable attorneys' fees, and costs expended to pursue these claims against the Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

*Negligence/Recklessness – Negligence Per Se (Defendant Ryan)*

98.    Plaintiff incorporates the allegations of paragraphs 1 through 97 above as if fully set forth herein.

99.    At all times relevant hereto, Defendant Ryan was the Principal of Fairmont Jr. High.

100.    Defendant Ryan had a duty to protect the public, including I.J.C., against the reasonably foreseeable risk of harm.

101.    At all times relevant hereto, Defendant Ryan owed a duty to the public, including Plaintiff's daughter, I.J.C., to report all concerns of alleged sexual abuse to authorities no more than 24 hours after having reason to believe a child under the age of 18 had been abused or after observing that a child was subject to conditions or circumstances that would reasonably result in abuse as set forth in Idaho Code § 16-1605.

102.    At all times relevant hereto, Defendant Ryan breached the aforementioned duty by negligently and/or recklessly failing to report the inappropriate relationship between Crandell and I.J.C.  Said negligence and/or recklessness includes, but is not limited to, failing to report to the IDHW, the SRO, or the Boise Police the possible abuse after Ms. Krigbaum expressed concerns

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 18**

to Defendant Ryan in the Fall 2021; when Plaintiff voiced concerns to Defendant Ryan during their March 10, 2022, phone call; failing to report the possible abuse after staff at Fairmont Jr. High noted Crandell had an inappropriate relationship with I.J.C. on April 14, 2022; failing to report possible abuse after staff at Fairmont Jr. High reported Crandell had an inappropriate relationship with I.J.C. and engaged in inappropriate emails on May 4, 2022; after failing to report the possible abuse after the November 11, 2022, meeting between Plaintiff, Defendant, and Crandell, where Defendant Ryan became aware that Crandell continued to contact I.J.C.; after failing to report the possible abuse after seeing I.J.C. leave Crandell's office following the November 11 meeting; and failing to report possible abuse after witnessing I.J.C. and Crandell inside Crandell's locked, darkened office after being informed that Crandell was being investigated for his inappropriate relationship with I.J.C. and after having told Crandell to refrain from speaking to I.J.C.

103. At all times relevant hereto, Idaho Code § 16-1605 clearly defines Defendant Ryan's duty. Furthermore, this statute was designed to prevent the harm associated with abuse of minors. I.J.C., as a minor, is the type of person the statute was designed to protect, and Defendant Ryan's failure to report Crandell's abuse proximately caused I.J.C.'s injuries complained of herein.

104. At all times relevant hereto, Defendant Ryan made the conscious choice not to report the repeated concerns that Crandell had an inappropriate relationship with I.J.C. Defendant Ryan knew or should have known that his repeated failure to report Crandell's possible abuse of I.J.C. created an unreasonable risk of harm to I.J.C. and he knew or should have known that there was a high probability that Crandell would abuse I.J.C. if the concerns were not reported.

105. At all times relevant hereto, after receiving multiple reports that Crandell had an inappropriate relationship with I.J.C., Defendant Ryan made the conscious choice not to take

additional steps to limit Crandell's contact with I.J.C., to supervise Crandell, or take reasonable steps to ensure that I.J.C. would be protected from Crandell.

106. The negligent, careless, reckless, and/or unlawful acts or omissions of Defendant Ryan were a proximate cause of I.J.C.'s injuries as the failure to report I.J.C.'s abuse, the failure to supervise Crandell, and the failure to protect I.J.C., resulted in I.J.C.'s exposure to the sexual abuse at the hands of Crandell. Consequently, the negligent, careless, reckless, and/or unlawful acts or omissions of Defendant Ryan were a proximate cause of Plaintiff's injuries and damages complained of herein, and constitutes negligence per se.

107. As a direct and proximate result of Defendant Ryan's negligent, reckless, careless, and/or unlawful acts and/or omissions, Plaintiff's daughter, I.J.C., was severely and permanently injured, and she has incurred damages, suffered serious mental pain and suffering, and loss of enjoyment of life that will continue, and Plaintiff has incurred and continues to incur necessary mental health expenses related to I.J.C.'s care from the date the sexual abuse was discovered and will continue to incur expenses for such care in the future in a specified amount to be proven at trial in excess of $10,000.00.

## FOURTH CAUSE OF ACTION

### *Negligence/Recklessness (Defendant Skinner)*

108. Plaintiff incorporates the allegations of paragraphs 1 through 107 above as if fully set forth herein.

109. At all times relevant hereto, Defendant Skinner was the general counsel for Defendant BSD.

110. Defendant Skinner had a duty to protect the public, including I.J.C., against the reasonably foreseeable risk of harm.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 20**

111. At all times relevant hereto, Defendant Skinner owed a duty to the public, including Plaintiff's daughter, I.J.C., to report all concerns of alleged sexual abuse to authorities no more than 24 hours after having reason to believe a child under the age of 18 had been abused or after observing that a child was subject to conditions or circumstances that would reasonably result in abuse as set forth in Idaho Code § 16-1605.

112. At all times relevant hereto, Defendant Skinner breached the aforementioned duty by negligently and/or recklessly obstructing the ability of law enforcement to investigate the allegations of sexual misconduct against I.J.C., including allegations related to the conduct of Hiller and Crandell.

113. The negligent, careless, reckless, and/or unlawful acts or omissions of Defendant Skinner were a proximate cause of I.J.C.'s injuries as the failure to protect I.J.C resulted in I.J.C's exposure to the sexual abuse at the hands of Crandell. Consequently, the negligent, careless, reckless, and/or unlawful acts or omissions of Defendant Skinner were a proximate cause of Plaintiff's injuries and damages complained of herein.

114. As a direct and proximate result of Defendant Skinner's negligent, reckless, careless, and/or unlawful acts and/or omissions, Plaintiff's daughter, I.J.C., was severely and permanently injured, and she has incurred damages, suffered serious mental pain and suffering, and loss of enjoyment of life that will continue, and Plaintiff has incurred and continues to incur necessary mental health expenses related to I.J.C.'s care from the date the sexual abuse was discovered and will continue to incur expenses for such care in the future in a specified amount to be proven at trial in excess of $10,000.00.

## FIFTH CAUSE OF ACTION

### *Negligence/Recklessness (Defendant BSD)*

115.    Plaintiff incorporates the allegations of paragraphs 1 through 114 above as if fully set forth herein.

116.    Prior to commencement of this action, Plaintiff served a timely Notice of Tort Claim on Defendant BSD in accordance with the requirements of Idaho Code § 6-905.

117.    Defendant BSD had a statutory duty under Idaho Code § 33-512 to protect the morals and health of students, including I.J.C.

118.    Defendant BSD also had a general duty to protect students, including I.J.C., against the reasonably foreseeable risk of harm while students are in the district's custody.

119.    Defendant BSD is also liable under Idaho Code § 6-903 for its negligent or wrongful acts or omissions as well as the negligent or wrongful acts or omissions of its employees acting within the course and scope of their employment.

120.    At all times relevant hereto, Defendant BSD was responsible for the supervision and training of its agents and employees including but not limited to Crandell, Defendant Ryan, Defendant Skinner and other teachers, social workers, and staff at Fairmont Jr. High.

121.    Crandell did commit the tortious act of child abuse as set forth in Idaho Code § 6-1701(1) by kissing I.J.C., soliciting and exchanging nude photos with I.J.C., and attempting to unbutton her pants while on school property.

122.    That at said time and place of the sexual abuse of I.J.C., the acts and omissions of Defendant BSD, by and through its employees, agents or servants were a proximate cause of Plaintiff's injuries and damages by negligently, tortiously, unreasonably and unlawfully supervising, controlling, and monitoring Crandell; and failing to guard, warn, and protect I.J.C. from Crandell despite the repeated reported concerns of possible sexual abuse.

123.    That at said time and place of the sexual abuse of I.J.C., Crandell was wholly engaged in his employment as a social worker for Defendant BSD, was an agent for BSD, was under the direction or control of BSD at the time and place of the sexual abuse, and committed the sexual abuse of I.J.C. on BSD property.  As such, Defendant BSD is vicariously liable for the tortious acts of Crandell pursuant to Idaho Code § 6-1701(2).

124.    Defendant Ryan did commit the tortious act of child abuse as set forth in Idaho Code § 6-1701(1) by willfully and deliberately choosing not to report the possible abuse of I.J.C., by protecting Crandell from further investigations into his inappropriate relationship with I.J.C., and by willfully and deliberately choosing to allow Crandell to have continued, unrestricted access to I.J.C., which was the direct and proximate cause of IJC's abuse.

125.    That at said time and place of Defendant Ryan's tortious act of child abuse, Defendant Ryan was wholly engaged in his employment as a principal for Defendant BSD, was an agent for BSD, and was under the direction or control of BSD at the time and place of his tortious acts, which occurred on BSD property.  As such, Defendant BSD is vicariously liable for the tortious acts of Defendant Ryan pursuant to Idaho Code § 6-1701(2).

126.    Defendant Skinner did commit the tortious act of child abuse as set forth in Idaho Code § 6-1701(1) by willfully and deliberately implementing a criminal scheme aimed at covering up allegations of sexual misconduct and further obstructing law enforcement's ability to properly investigate the allegations raised against Crandell.

127.    That at said time and place of Defendant Skinner's tortious act of child abuse, Defendant Skinner was wholly engaged in his employment as general counsel for Defendant BSD, was an agent for BSD, and was under the direction or control of BSD at the time and place of his tortious acts, which occurred on BSD property.  As such, Defendant BSD is vicariously liable for the tortious acts of Defendant Skinner pursuant to Idaho Code § 6-1701(2).

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 23**

128.    Defendant BSD at all relevant times knew, or should have known, that Defendant Ryan, Defendant Skinner and other teachers and staff at Fairmont Jr. High lacked the necessary training or supervision on how to address reports of sexual abuse. BSD, through its agents, received repeated reports, complaints, claims, and notices of Crandell's concerning behavior with I.J.C. and the inappropriate relationship between Crandell and I.J.C., but at no time did Defendant Ryan or other teachers and staff at Fairmont Jr. High report those concerns as required by the mandatory reporting requirements.  BSD, through its agents, knew of I.J.C.'s allegations of sexual misconduct by Hiller, but at no time did anyone at Fairmont Jr. High or at the district level report those concerns as required by the mandatory reporting requirements.  As such, the acts and omissions of Defendant BSD, by and through its employees, agents or servants were a proximate cause of Plaintiff's injuries and damages by negligently, tortiously, unreasonably and unlawfully supervising, controlling, and monitoring Defendant Ryan, Defendant Skinner and the teachers and staff at Fairmont Jr. High.

129.    At all times relevant hereto, Defendant Ryan, Defendant Skinner and teachers and staff at Fairmont Jr. High owed a duty to the public, including Plaintiff's daughter, I.J.C., to report all concerns of alleged sexual abuse to authorities no more than 24 hours after having reason to believe a child under the age of 18 had been abused or after observing that a child was subject to conditions or circumstances that would reasonably result in abuse as set forth in Idaho Code § 16-1605.

130.    At all times relevant hereto, Defendant Ryan and the teachers and staff at Fairmont Jr. High breached the aforementioned duty by negligently and/or recklessly failing to report the inappropriate relationship between Crandell and I.J.C.  Said negligence and/or recklessness includes, but is not limited to, failing to report to the IDHW, the SRO, or the Boise Police the possible abuse after Ms. Krigbaum expressed concerns to Defendant Ryan in the Fall 2021; when

Plaintiff voiced concerns to Defendant Ryan during their March 10, 2022, phone call; failing to report the possible abuse after staff at Fairmont Jr. High noted Crandell had an inappropriate relationship with I.J.C. on April 14, 2022; failing to report possible abuse after staff at Fairmont Jr. High reported Crandell had an inappropriate relationship with I.J.C. and engaged in inappropriate emails on May 4, 2022; after failing to report the possible abuse after the November 11, 2022, meeting between Plaintiff, Defendant, and Crandell, where Defendant Ryan became aware that Crandell continued to contact I.J.C.; after failing to report the possible abuse after seeing I.J.C. leave Crandell's office following the November 11 meeting; and failing to report possible abuse after Defendant Ryan witnessed Crandell and I.J.C. in Crandell's office, with the doors locked, after being informed that Crandell was being investigated for possible sexual abuse of I.J.C specifically telling Crandell to refrain from speaking to I.J.C.

131.    At all times relevant hereto, Defendant Skinner breached the aforementioned duty by negligently and/or recklessly utilizing a strategy to obstruct law enforcement's ability to speak with material witnesses, collect evidence and further investigate the extent of Crandell's inappropriate conduct with I.J.C.

132.    At all times relevant hereto, Defendant Skinner breached the aforementioned duty by negligently and/or recklessly utilizing a strategy to obstruct law enforcement's ability to speak with material witnesses, collect evidence and conduct its own investigation into Hiller's inappropriate conduct with I.J.C.

133.    Defendant BSD, by and through its employees acting within the course and scope of their employment, at all relevant times knew, or should have known, that Crandell posed a danger to I.J.C. within a sufficient time prior to the subject sexual abuse to have taken measures to protect against sexual abuse in that, without limitation, Defendant BSD, through its agents, received repeated reports, complaints, claims, and notices of Crandell's concerning behavior with

I.J.C. and the inappropriate relationship between Crandell and I.J.C., and the danger had existed for a sufficient period of time prior to the sexual abuse, that BSD, in the exercise of due care, should have taken reasonable steps to prevent Crandell from continuing to have contact with I.J.C. and prevent sexual abuse from occurring.

134.    That at said time and place of the failure to report the sexual abuse of I.J.C. and/or take adequate steps to ensure the safety of I.J.C., Defendant Ryan, Defendant Skinner and the teachers and staff at Fairmont Jr. High were wholly engaged in employment for Defendant BSD, were under the direction or control of BSD at the time and place of the tortious acts, and such tortious acts occurred on BSD property.  As such, Defendant BSD is vicariously liable for the negligent and reckless acts of Defendant Ryan, Defendant Skinner and the teachers and staff at Fairmont Jr. High.

135.    At all times relevant hereto, Defendant BSD, through its employees, agents or servants, made the conscious choice not to provide to Defendant Ryan, Defendant Skinner and the teachers and staff at Fairmont Jr. High the necessary training or supervision on how to address reports of sexual abuse. Defendant BSD knew or should have known that its failure to provide such training and supervision posed an unreasonable risk of harm to I.J.C., as a student, and it knew or should have known that there was a high probability that the failure to train or supervise Defendant Ryan Defendant Skinner and the teachers and staff at Fairmont Jr. High would result in I.J.C. being abused.

136.    At no time did any exception under Idaho Code § 6-904 relieve Defendant BSD from liability as neither Defendant was exercising ordinary care, relying upon or were executing a statutory or regulatory function, nor had they exercised or failed to exercise a discretionary function or duty.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 26**

137.    As a direct and proximate result of Defendant BSD's negligent, reckless, careless, and/or unlawful acts and/or omissions, Plaintiff's daughter, I.J.C., was severely and permanently injured, and she has incurred damages, suffered serious mental pain and suffering, and loss of enjoyment of life that will continue, and Plaintiff has incurred and continues to incur necessary mental health expenses related to I.J.C.'s care from the date the sexual abuse was discovered and will continue to incur expenses for such care in the future in a specified amount to be proven at trial in excess of $10,000.00.

## SIXTH CAUSE OF ACTION

### *Child Abuse (I.J.C. against Defendant Ryan)*

138.    Plaintiff incorporates the allegations of paragraphs 1 through 137 above as if fully set forth herein.

139.    Idaho Code § 6-1701 provides that an action may be brought by or on behalf of any child against a person who has abused a child as defined in Idaho Code § 18-1501.

140.    Idaho Code § 18-1501(2) provides that any person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health may be endangered, is guilty of a misdemeanor.

141.    At all times relevant hereto, I.J.C. was a minor child, under the age of 18.

142.    At all times relevant hereto, I.J.C. was under the care and custody of Defendant Ryan and Defendant BSD as a student in Fairmont Jr. High.

143.    Defendant Ryan did commit the tortious act of child abuse as set forth in Idaho Code § 6-1701(1)(d) by willfully and intentionally causing or permitting I.J.C. to suffer unjustifiable pain and mental suffering, and/or permitting injury to her person by placing her in a

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 27**

situation where she was in danger by refusing to report I.J.C.'s possible abuse, willfully and intentionally protecting Crandell from further reports of his inappropriate relationship with I.J.C., or by willfully and intentionally allowing Crandell to continue to have unimpeded and unsupervised access to I.J.C. despite the numerous and repeated concerns that Crandell was being inappropriate with I.J.C.

144.    As a direct and proximate result of Defendant Ryan's tortious acts, Plaintiff's daughter, I.J.C., was severely and permanently injured, and she has incurred damages, suffered serious mental pain and suffering, and loss of enjoyment of life that will continue, and Plaintiff has incurred and continues to incur necessary mental health expenses related to I.J.C.'s care from the date the sexual abuse was discovered and will continue to incur expenses for such care in the future in a specified amount to be proven at trial in excess of $10,000.00.

## SEVENTH CAUSE OF ACTION

### *Child Abuse (I.J.C. against Defendant Skinner)*

145.    Plaintiff incorporates the allegations of paragraphs 1 through 144 above as if fully set forth herein.

146.    Idaho Code § 6-1701 provides that an action may be brought by or on behalf of any child against a person who has abused a child as defined in Idaho Code § 18-1501.

147.    Idaho Code § 18-1501(2) provides that any person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health may be endangered, is guilty of a misdemeanor.

148.    At all times relevant hereto, I.J.C. was a minor child, under the age of 18.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 28**

149.    At all times relevant hereto, I.J.C. was under the care and custody of Defendant Ryan, Defendant Skinner and Defendant BSD as a student in Fairmont Jr. High.

150.    Defendant Skinner did commit the tortious act of child abuse as set forth in Idaho Code § 6-1701(1)(d) by willfully and intentionally causing or permitting I.J.C. to suffer unjustifiable pain and mental suffering, and/or permitting injury to her person by allow her to remain in a situation where she was in danger by stonewalling law enforcement's ability to collect evidence, interview witnesses and otherwise investigate the criminal abuse perpetuated by Crandell upon I.J.C.

151.    As a direct and proximate cause of Defendant Skinner's tortious acts, Plaintiff's daughter, I.J.C., was severely and permanently injured, and she has incurred damages suffered serious mental pain and suffering, and loss of enjoyment of life that will continue, and Plaintiff has incurred and continues to incur necessary mental health expenses related to I.J.C.'s care from the date the sexual abuse was discovered and will continue to incur expenses for such care in the future in a specified amount to be proven at trial in excess of $10,000.00.

## EIGHTH CAUSE OF ACTION

### Child Abuse (I.J.C. against Defendant BSD)

152.    Plaintiff incorporates the allegations of paragraphs 1 through 151 above as if fully set forth herein.

153.    Idaho Code § 6-1701 provides that an action may be brought by or on behalf of any child against a person who has sexually abused a child as defined in Idaho Code § 18-1506.

154.    Idaho Code § 18-1506 provides that it is a felony for any person 18 years of age or older, with the intent to gratify the lust, passion, or sexual desire of the actor, minor child or third party, to:

(a)    Solicit a minor child under the age of sixteen (16) years to participate in a sexual act;

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 29**

(b)     Cause or have sexual contact with such minor child, not amounting to lewd conduct as defined in section 18-1508, Idaho Code; or

(c)     Induce, cause or permit a minor child to witness an act of sexual conduct.

155.    Idaho Code § 6-1701 also provides that an action may be brought by or on behalf of any child against a person who has abused a child as defined in Idaho Code § 18-1501.

156.    Idaho Code § 18-1501(2) provides that any person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health may be endangered, is guilty of a misdemeanor.

157.    Idaho Code § 6-1701(2) provides that if an act prohibited under Idaho Code § 6-1701(1) involves employment-related circumstances as provided under Idaho Code § 6-1607(2), then an action may be brought under the common law by, or on behalf of, any child against the employer of the person who committed the act.

158.    Idaho Code § 6-1607(2) provides that an employer is liable for the tort of its employee if the employee was wholly or partially engaged in the employer's business, reasonably appeared to be engaged in the employer's business, was on the employer's premises when the allegedly tortious act or omission of the employee occurred, or was otherwise under the direction or control of the employer when the act or omission occurred.

159.    At all times relevant hereto, I.J.C. was a minor child, under the age of 18.

160.    At all times relevant hereto, Crandell was an adult male over the age of 18.

161.    At all times relevant hereto, I.J.C. was under the care and custody of Defendant Ryan, Defendant Skinner and Defendant BSD as a student in Fairmont Jr. High.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 30**

162.    Crandell did commit the tortious act of child abuse as set forth in Idaho Code § 6-1701(1) by kissing I.J.C., soliciting and exchanging nude photos with I.J.C., and attempting to unbutton her pants while on school property.

163.    At all times relevant hereto, Crandell was wholly engaged in his duties as a social worker, reasonably appeared to be engaging in his activities as a social worker assigned to Fairmont Jr. High, was on school grounds when he committed his tortious acts, and acted under the direction and control of BSD when he committed his tortious acts.

164.    Defendant Ryan did commit the tortious act of child abuse as set forth in Idaho Code § 6-1701(1)(d) by willfully and intentionally causing or permitting I.J.C. to suffer unjustifiable pain and mental suffering, and/or permitting injury to her person by placing her in a situation where she was in danger by refusing to report I.J.C.'s possible abuse, willfully and intentionally protecting Crandell from further reports of his inappropriate relationship with I.J.C., or by willfully and intentionally allowing Crandell to continue to have unimpeded and unsupervised access to I.J.C. despite the numerous and repeated concerns that Crandell was being inappropriate with I.J.C.

165.    Defendant Skinner did commit the tortious act of child abuse as set forth in Idaho Code § 6-1701(1)(d) by willfully and intentionally causing or permitting I.J.C. to suffer unjustifiable pain and mental suffering, and/or permitting injury to her person by failing to remove her from a situation where she was in danger, by consciously interfering with law enforcement's ability to investigate Crandell's inappropriate relationship with I.J.C.

166.    At all times relevant hereto, Defendant Ryan was wholly engaged in his duties as Principal of Fairmont Jr. High, reasonably appeared to be engaging in his acts as a principal of Fairmont Jr. High, was on school grounds when he committed his tortious acts, and acted under the direction and control of BSD when he committed his tortious acts.

167.    At all times relevant hereto, Defendant Skinner was wholly engaged in his duties as general counsel for Defendant BSD, reasonably appeared to be engaging in his acts as general

counsel of Defendant BSD, was on grounds owned by Defendant BSD when he committed his tortious acts, and acted under the direction and control of BSD when he committed his tortious acts.

168. Pursuant to Idaho Code § 6-1701(2), Defendant BSD is liable for the tortious acts of Crandell, Defendant Skinner and Defendant Ryan.

169. As a direct and proximate result of Crandell, Defendant Skinner and Defendant Ryan's acts of child abuse, and Defendant BSD's tortious acts, Plaintiff's daughter, I.J.C., was severely and permanently injured, and she has incurred damages, suffered serious mental pain and suffering, and loss of enjoyment of life that will continue, and Plaintiff has incurred and continues to incur necessary mental health expenses related to I.J.C.'s care from the date the sexual abuse was discovered and will continue to incur expenses for such care in the future in a specified amount to be proven at trial in excess of $10,000.00.

## NINTH CAUSE OF ACTION

### *Negligent Infliction of Emotional Distress (I.J.C. against all Defendants)*

170. Plaintiff incorporates the allegations of paragraphs 1 through 169 above as if fully set forth herein.

171. At all times relevant hereto, the above-named Defendants owed a duty to protect I.J.C. against the reasonably foreseeable risk of harm.

172. At all times relevant hereto, Defendant BSD had a statutory duty to protect the morals and health of students, including I.J.C., as well as a general duty to protect students against the reasonably foreseeable risk of harm while students are in the district's custody.

173. Defendant BSD is also liable under Idaho Code § 6-903 for its negligent or wrongful acts or omissions as well as the negligent or wrongful acts or omissions of its employees acting within the course and scope of their employment.

174.    Defendant Ryan breached said duty by willfully and intentionally refusing to report I.J.C.'s possible abuse, willfully and intentionally protecting Crandell from further reports of his inappropriate relationship with I.J.C., or by willfully and intentionally allowing Crandell to continue to have unimpeded and unsupervised access to I.J.C. despite the numerous and repeated concerns that Crandell was being inappropriate with I.J.C.

175.    Defendant Skinner breached said duty by willfully and conscientiously utilizing a strategy to obstruct law enforcement's ability to speak with material witnesses, collect evidence and further investigate the allegations against Hiller or the extent of Crandell's inappropriate conduct with I.J.C. Further, Defendant Skinner breached said duty by failing to take reasonable steps in assisting or otherwise cooperating with law enforcement's investigation into Crandell's criminal conduct.

176.    Defendant Ryan and Defendant BSD breached said duty when they failed to report the sexual abuse of I.J.C., and when they failed to take reasonable steps to prevent the sexual abuse of I.J.C.

177.    Defendant BSD breached said duty when it failed to properly supervise Crandell, Defendant Skinner and Defendant Ryan, and when it failed to supervise and/or provide adequate training to Defendant Ryan, Defendant Skinner and the teachers and staff at Fairmont Jr. High, on how to handle reported claims of sexual abuse and/or how to take reasonable steps to protect I.J.C. from being abused.

178.    At all times relevant hereto, Defendant Ryan made a conscious choice to  refuse to report I.J.C.'s possible abuse, protect Crandell from further reports of his inappropriate relationship with I.J.C., and/or allow Crandell to continue to have unimpeded and unsupervised access to I.J.C. despite the numerous and repeated concerns that Crandell was being inappropriate with I.J.C. Defendant Ryan knew or should have known that his actions created an unreasonable

risk of harm to I.J.C. and he knew or should have known that I.J.C. would be harmed due to his actions.

179. At all times relevant hereto, Defendant Skinner made a conscious choice to obstruct law enforcement's ability to speak with material witnesses, collect evidence and further investigate the allegations against Hiller and the extent of Crandell's inappropriate conduct with I.J.C. Defendant Skinner knew or should have known that his actions created an unreasonable risk of harm to I.J.C. and he knew or should have known that I.J.C would be harmed due to his criminal actions.

180. At all times relevant hereto, Defendant BSD, through its employees, agents or servants, made the conscious choice not to provide to Defendant Ryan, Defendant Skinner and the teachers and staff at Fairmont Jr. High the necessary training or supervision on how to address reports of sexual abuse. Defendant BSD knew or should have known that its failure to provide such training and supervision posed an unreasonable risk of harm to I.J.C., as a student, and it knew or should have known that there was a high probability that the failure to train or supervise Crandell, Defendant Ryan, Defendant Skinner and the teachers and staff at Fairmont Jr. High would result in I.J.C. being abused.

181. As a direct and proximate result of the negligent, reckless, careless, and/or unlawful acts and/or omissions, of the above-mentioned Defendants, Plaintiff's daughter, I.J.C., suffered damages including but not limited to emotional distress and injuries that have manifested physical characteristics. The physical manifestation of I.J.C.'s injuries include, but are not limited to, increased withdrawal from family and friends, crying, depression, anxiety, loss of appetite, and insomnia.

182. As a direct and proximate result of Defendant Ryan, Defendant Skinner, Defendant BSD, and the teachers and staff at Fairmont Jr. High's, negligent, reckless, careless, and/or unlawful acts and/or omissions, Plaintiff's daughter, I.J.C., was severely and permanently injured,

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 34**

and she has incurred damages, suffered serious mental pain and suffering, and loss of enjoyment of life that will continue, and Plaintiff has incurred and continues to incur necessary mental health expenses related to I.J.C.'s care from the date the sexual abuse was discovered and will continue to incur expenses for such care in the future in a specified amount to be proven at trial in excess of $10,000.00.

## **TENTH CAUSE OF ACTION**

### *Negligent Infliction of Emotional Distress (Plaintiff Michael Champine against all Defendants)*

183.    Plaintiff incorporates the allegations of paragraphs 1 through 182 above as if fully set forth herein.

184.    At all times relevant hereto, the above-named Defendants had a duty to protect the public, including Plaintiff, against the reasonably foreseeable risk of harm.

185.    Defendant BSD is also liable under Idaho Code § 6-903 for its negligent or wrongful acts or omissions as well as the negligent or wrongful acts or omissions of its employees acting within the course and scope of their employment.

186.    Defendant Ryan breached said duty exposing Plaintiff to the extreme and unwanted mental distress caused by Defendant Ryan's willful and intentional acts of refusing to report I.J.C.'s possible abuse willfully and intentionally protecting Crandell from further reports of his inappropriate relationship with I.J.C., or by willfully and intentionally allowing Crandell to continue to have unimpeded and unsupervised access to I.J.C. despite the numerous and repeated concerns voiced by Plaintiff and others that Crandell was being inappropriate with I.J.C.

187.    Defendant Skinner breached said duty by exposing Plaintiff to the extreme and unwanted mental distress caused by Defendant Skinner's willful and intentional obstruction of law enforcement's ability to speak with material witnesses, collect evidence and further investigate the allegations against Hiller and the extent of Crandell's inappropriate conduct with I.J.C.

188. Defendant Ryan, Defendant Skinner and Defendant BSD breached said duty when they failed to report the sexual abuse of Plaintiff's daughter, I.J.C., when they willfully obstructed law enforcement's ability to investigate, and when they failed to take reasonable steps to prevent the sexual abuse of I.J.C. as such failures exposed Plaintiff to extreme and unwanted mental distress.

189. It was reasonably foreseeable that the sexual abuse of Plaintiff's daughter, I.J.C., the failure to report the sexual abuse of I.J.C., failure to take reasonable steps to prevent Crandell from sexually abusing I.J.C., and failure to adequately train and supervise school staff on how to report and respond to possible sexual abuse claims, would cause Plaintiff, as I.J.C.'s father, emotional distress upon learning that Crandell had an inappropriate relationship with his daughter, that his daughter was sexually abused by Crandell, and that Defendants failed to stop such abuse after he had repeatedly reported his concerns.

190. At all times relevant hereto, Defendant Ryan and Defendant Skinner made a conscious choice to  refuse to report I.J.C.'s possible abuse to the proper authorities, protect Crandell from further reports of his inappropriate relationship with I.J.C., or allow Crandell to continue to have unimpeded and unsupervised access to I.J.C. despite the numerous and repeated concerns from Plaintiff and others that Crandell was being inappropriate with I.J.C., and Defendant Ryan and Defendant Skinner knew or should have known that their actions not only created an unreasonable risk of harm to I.J.C. but to Plaintiff, as father of I.J.C., and they knew or should have known that Plaintiff, as father of I.J.C., would be harmed due to their failures to protect I.J.C. and his failure to report and supervise Crandell.

191. At all times relevant hereto, Defendant Ryan and Defendant Skinner made the conscious choice not to report the repeated concerns that Crandell had an inappropriate relationship with I.J.C. to the proper authorities. Defendant Ryan and Defendant Skinner should have known or should have knew that their repeated failure to report Crandell's possible abuse of I.J.C. created an unreasonable risk of harm not only to I.J.C., but to Plaintiff, as father of I.J.C., and he knew or

should have known that there was a high probability that Crandell would abuse I.J.C. if the concerns were not reported. As such, Defendant Ryan and Defendant Skinner knew or should have known that Plaintiff, as father of I.J.C., would suffer emotional distress, injury, and damage as a result of their actions or inactions.

192.    At all times relevant hereto, Defendant BSD, through its employees, agents or servants, made the conscious choice not to provide to Defendant Ryan, Defendant Skinner and the teachers and staff at Fairmont Jr. High the necessary training or supervision on how to address reports of sexual abuse. Defendant BSD knew or should have known that its failure to provide such training and supervision posed an unreasonable risk of harm not only to I.J.C. as a student, but to Plaintiff, as father of I.J.C., and it knew or should have known that there was a high probability that the failure to train or supervise Defendant Ryan, Defendant Skinner and the teachers and staff at Fairmont Jr. High would result in I.J.C. being abused. As such, Defendant BSD knew or should have known that Plaintiff, as father of I.J.C., would suffer emotional distress, injury, and damages as a result of Defendant BSD's actions or inactions.

193.    As a direct and proximate result of the negligent, reckless, careless, and/or unlawful acts and/or omissions of Defendant Ryan, Defendant Skinner, Defendant BSD, and the teachers and staff at Fairmont Jr. High, Plaintiff suffered damages including but not limited to emotional distress, injuries, and damages that have manifested physical characteristics. The physical manifestation of Plaintiff's injuries include, but are not limited to, withdrawal from friends and family, anxiety, lack of sleep, depression, loss of appetite, and insomnia.

194.    As a direct and proximate result of Defendant Ryan, Defendant Skinner, Defendant BSD, and the teachers and staff at Fairmont Jr. High's, negligent, reckless, careless, and/or unlawful acts and/or omissions, Plaintiff suffered serious mental pain and suffering, loss of enjoyment of life, and has incurred and continues to incur necessary mental health expenses related to his emotional distress in discovering the mishandling of the allegations of sexual abuse and will

continue to incur expenses for such care in the future in a specified amount to be proven at trial in excess of $10,000.00.

<u>ELEVENTH CAUSE OF ACTION</u>

*Intentional Infliction of Emotional Distress (I.J.C. against all Defendants)*

195. Plaintiff incorporates the allegations of paragraphs 1 through 194 above as if fully set forth herein.

196. At all times relevant hereto, Defendant Ryan and Defendant Skinner owed a statutory duty to report to law enforcement or the Department of Health and Welfare all allegations of abuse or concerns of possible abuse of I.J.C. within 24 hours after having been made aware of the possible abuse.

197. At all times relevant hereto, Defendant BSD had a statutory duty to protect the morals and health of students, including I.J.C., as well as a general duty to protect students against the reasonably foreseeable risk of harm while students are in the district's custody.

198. At all times relevant hereto, the above-named Defendants owed a duty to protect I.J.C. against the reasonably foreseeable risk of harm.

199. At all times relevant hereto, Defendant Ryan willfully and intentionally refused to report I.J.C.'s possible abuse, willfully and intentionally protected Crandell from further reports of his inappropriate relationship with I.J.C., and/or willfully and intentionally allowed Crandell to continue to have unimpeded and unsupervised access to I.J.C. despite the numerous and repeated concerns that Crandell was being inappropriate with I.J.C.

200. At all times relevant hereto, Defendant Skinner consciously adopted and utilized a strategy aimed at interfering with law enforcement's ability to interview witnesses, collect evidence and otherwise hinder their ability to investigate the allegations against Hiller and Crandell's abuse of I.J.C.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 38**

201.    In the face of Defendant Ryan's statutory duty to report possible child abuse, his position as principal of Fairmont Jr. High, and his actual knowledge that there were repeated concerns that Crandell had an inappropriate relationship with I.J.C., Defendant Ryan's willful and intentional acts of refusing to report I.J.C.'s possible abuse and attempts to protect Crandell constitutes extreme and outrageous conduct.

202.    In the face of Defendant Skinner's statutory duty to ensure the safety and wellbeing of the district's students, his position as general counsel for Defendant BSD, and his willful attempts to cover up the forementioned allegations of sexual misconduct constitutes extreme and outrageous conduct.

203.    Defendant BSD willfully and intentionally chose not to report I.J.C.'s possible abuse, and instead decided to handle reports of I.J.C.'s alleged abuse internally.  The above identified acts of Defendant BSD constitute extreme and outrageous conduct as Defendant BSD's policy violates Idaho's mandatory reporting requirements established under Idaho Code § 16-1605 and demonstrates a clear disregard for the safety of I.J.C.

204.    Defendant BSD is also liable under Idaho Code § 6-903 for its negligent or wrongful acts or omissions as well as the negligent or wrongful acts or omissions of its employees acting within the course and scope of their employment.

205.    As a direct and proximate result of the willful and intentional acts and/or omissions, of the above-mentioned Defendants, Plaintiff's daughter, I.J.C., suffered severe emotional distress and damages including but not limited to injuries that have manifested physical characteristics. The physical manifestation of I.J.C.'s injuries include, but are not limited to, increased withdrawal from family and friends, crying, depression, anxiety, loss of appetite, and insomnia.

206.    As a direct and proximate result of Defendant Ryan, Defendant Skinner, Defendant BSD, and the teachers and staff at Fairmont Jr. High's, willful and intentional acts and/or

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 39**

omissions, Plaintiff's daughter, I.J.C., was severely and permanently injured, and she has incurred damages, suffered serious mental pain and suffering, and loss of enjoyment of life that will continue, and Plaintiff has incurred and continues to incur necessary mental health expenses related to I.J.C.'s care from the date the sexual abuse was discovered and will continue to incur expenses for such care in the future in a specified amount to be proven at trial in excess of $10,000.00.

## TWELFTH CAUSE OF ACTION

### *Intentional Infliction of Emotional Distress (Plaintiff Michael Champine against all Defendants)*

207.    Plaintiff incorporates the allegations of paragraphs 1 through 206 above as if fully set forth herein.

208.    At all times relevant hereto, Defendant Ryan willfully and intentionally refused to report I.J.C.'s possible abuse, willfully and intentionally protected Crandell from further reports of his inappropriate relationship with I.J.C., or willfully and intentionally allowed Crandell to continue to have unimpeded and unsupervised access to I.J.C. despite the numerous and repeated concerns that Crandell was being inappropriate with I.J.C.

209.    At all times relevant hereto, Defendant Skinner willfully attempted to obstruct and otherwise stonewall the ability of law enforcement to collect critical information relating to Crandell's abuse of I.J.C. Defendant Skinner's willful and criminal attempts to cover up the forementioned allegations of sexual misconduct constitutes extreme and outrageous conduct.

210.    In the face of Defendant Ryan's statutory duty to report possible child abuse, his position as principle of Fairmont Jr. High, and his actual knowledge that Plaintiff and others repeatedly voiced concerns that Crandell had an inappropriate relationship with I.J.C., Defendant Ryan's willful and intentional acts of refusing to report I.J.C.'s possible abuse and attempts to protect Crandell constitutes extreme and outrageous conduct.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 40**

211. Defendant BSD willfully and intentionally chose not to report I.J.C.'s possible abuse, and instead decided to handle reports of I.J.C.'s alleged abuse internally. The above identified acts of Defendant BSD constitute extreme and outrageous conduct as Defendant BSD's policy violates Idaho's mandatory reporting requirements established under Idaho Code § 16-1605 and demonstrates a clear disregard for the safety of I.J.C. which could reasonably cause severe emotional distress to Plaintiff.

212. Defendant BSD is also liable under Idaho Code § 6-903 for its negligent or wrongful acts or omissions as well as the negligent or wrongful acts or omissions of its employees acting within the course and scope of their employment.

213. As a direct and proximate result of the willful and intention acts and/or omissions of Defendant Ryan, Defendant Skinner, Defendant BSD, and the teachers and staff at Fairmont Jr. High, Plaintiff suffered severe emotional distress and damages including but not limited to emotional injuries that have manifested physical characteristics. The physical manifestation of Plaintiff's injuries include, but are not limited to, withdrawal from friends and family, anxiety, lack of sleep, depression, loss of appetite, and insomnia.

214. As a direct and proximate result of Defendant Ryan, Defendant Skinner, Defendant BSD, and the teachers and staff at Fairmont Jr. High's, willful and intentional acts and/or omissions, Plaintiff suffered serious mental pain and suffering, loss of enjoyment of life, and has incurred and continues to incur necessary mental health expenses related to his emotional distress in discovering the mishandling of the allegations of sexual abuse and will continue to incur expenses for such care in the future with a specified amount to be proven at trial in excess of $10,000.00.

## PUNITIVE DAMAGES

Plaintiff expressly reserves the right to seek leave to add a claim for punitive damages.

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 41**

## DAMAGES

As a proximate cause of Defendants' negligent, reckless, careless, and/or unlawful acts and/or omissions complained of herein, Plaintiff has incurred the following damages:

1.      As a direct and proximate result of the acts of Defendant Ryan, Defendant Skinner the teachers and staff at Fairmont Jr. High, and Defendant BSD,  I.J.C.'s constitutional right to bodily integrity and to be free from sexual abuse at the hands of school staff was violated.  This deprivation of rights has caused I.J.C. to suffer damages in an amount to be determined at trial.

2.      As a direct and proximate result of the negligent, reckless, careless and/or unlawful acts, and/or willful and reckless misconduct of Defendants, Plaintiff's daughter, I.J.C., suffered severe and permanent injuries.  I.J.C.'s injuries have caused and continue to cause her great mental pain and suffering, embarrassment, humiliation, and loss of enjoyment of life.  These injuries are permanent in nature and will result in general and special damages in an amount unknown at the present time, and are believed to be in excess of $10,000.00.

3.      As a direct and proximate result of the bodily injuries suffered by Plaintiff's daughter, I.J.C., Plaintiff has incurred expenses for medical care and will continue to incur medical expenses and other expenses related to I.J.C.'s injuries for some time into the future.  The exact amount of said expenses is unknown to Plaintiff at the present time, but will be proven with particularity at the time of trial, and are believed to be in excess of $10,000.00.

4.      As a direct and proximate result of the negligent, reckless, careless and/or unlawful acts, and/or willful and reckless misconduct of Defendants, Plaintiff suffered severe and permanent injuries.  Plaintiff's injuries have caused and continue to cause him great mental pain and suffering, embarrassment, humiliation, and loss of enjoyment of life.  These injuries are permanent in nature and will result in general and special damages in an amount unknown at the present time, and are believed to be in excess of $10,000.00.

5.      As a direct and proximate result of the bodily injuries suffered by Plaintiff, Plaintiff has incurred expenses for medical care and will continue to incur medical expenses and other

expenses related to his injuries for some time into the future.  The exact amount of said expenses is unknown to Plaintiff at the present time, but will be proven with particularity at the time of trial, and are believed to be in excess of $10,000.00.

6.    For such other and further relief as the Court deems just and equitable.

## CLAIM FOR ATTORNEY'S FEES

As a further direct and proximate result of Defendants' negligent/reckless acts and/or omissions complained of herein, Plaintiff has been required to employ legal counsel to institute and prosecute their claims against Defendants. In accordance with Federal and Idaho law, Plaintiff is entitled to recover his reasonable attorney's fees and costs incurred in this action, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1988, Idaho Code sections 6-1703, 12-117, 12-120, 12-121, Federal Rule of Civil Procedure 54, Idaho Rule of Civil Procedure 54, and all other applicable laws and rules allowing for the recovery of attorney's fees and/or costs in this case. In the event this matter is uncontested and Defendants allow a default judgment to be entered against one or all of them, Plaintiff alleges that $10,000 is a reasonable attorney's fee.

## DEMAND FOR JURY TRIAL

Plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demands a trial by jury of a panel consisting of no fewer than six (6) persons for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.    For compensatory damages according to proof at trial;

2.     Damages for past and future loss of earnings and benefits, and other damages in a sum to be determined at the time of trial;

3.    An award of reasonable attorneys' fees and costs of suit as permitted by law;

4.    Punitive and exemplary damages in an amount appropriate to punish, deter, or set an example of the Defendants;

5.      For pre-judgment interest and other interest as provided by law;

6.      For costs of suit incurred herein; and

7.      For such other and proper relief as the Court deems just and proper.

DATED this 13th day of February, 2026.

POWERS FARLEY, PC

By   /s/ Portia L. Rauer
     Raymond D. Powers – Of the Firm
     Portia L. Rauer – Of the Firm
     Attorneys for Plaintiff

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 44**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 13th day of February, 2026, the foregoing document was electronically filed with the U.S. District Court.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

Anne S. Magnelli
Nicole M. Jenkins
Attorneys for Defendants
Chris Ryan and Boise School District
amagnelli@ajhlaw.com
njenkins@ajhlaw.com

Eric S. Rossman
Mallam J. Prior
Attorneys for Plaintiff Meg Champine
erossman@rossmanlaw.com
mprior@rossmanlaw.com

Andrea J. Rosholt
Attorneys for Plaintiff Meg Champine
andrea@rosholtlaw.com


    /s/ Portia L. Rauer
Raymond D. Powers
Portia L. Rauer

**PLAINTIFF MICHAEL CHAMPINE'S FIRST AMENDED COMPLAINT - 45**