Bruce J. Castleton ISB No. 6915
CASTLETON LAW PLLC
10400 Overland Road #238
Boise, ID 83709
Telephone No. (208) 629-4590
Facsimile No. (208) 509-4814
bruce@castletonlegal.com

*Attorney for Defendant Skinner*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL J. CHAMPINE, individually and on behalf of his minor daughter, I.J.C.,<br><br>　　　Plaintiff,<br><br>vs.<br><br>CHRIS RYAN, an individual; BOISE SCHOOL DISTRICT; DANIEL SKINNER, an individual, and DOES I-X, individuals and/or entities of unknown origin,<br><br>　　　Defendants. | Case No. 1:23-cv-00338-DCN<br><br><br>**DEFENDANT SKINNER'S MOTION TO DISMISS** |

COMES NOW Defendant Daniel Skinner (hereinafter "Defendant"), by and through his

attorney of record, the law firm of Castleton Law PLLC, and hereby files a motion to dismiss

pursuant to F.R.C.P. 12(b)(6).

## INTRODUCTION

Plaintiff Michael J. Champine filed an amended complaint to add Defendant Skinner.

The Amended Complaint against Defendant Skinner fails to state a claim. For this reason, and as

set forth below, the Court should dismiss the Amended Complaint under F.R.C.P. 12(b)(6).

**DEFENDANT SKINNER'S MOTION TO DISMISS -  1.**

## LEGAL STANDARD

A complaint may be dismissed under F.R.C.P. 12(b)(6) when, even assuming the truth of the plaintiff's well-pleaded facts, the pleading fails to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## ARGUMENT

At the outset, it is important to note that Plaintiff has failed to draw any logical connection between the alleged actions of Skinner and the harm done to I.J.C. or her father. In particular, during the Hiller investigation there was never any communication to Skinner that something inappropriate was going on with Crandell.[1] It is factually undisputed in the Amended Complaint that Skinner was never informed of Crandall's abuse of I.J.C. before Crandall was already under investigation for it. And, nothing that happened with Bob Clark (Amended Complaint, Dkt. No. 79, ¶ 66) could have affected what happened with Crandell as Crandell was deceased by that time. Making these generalized and inherently uncommitted allegations about Skinner regarding other unrelated investigations does not create a factual connection with what happened with I.J.C.

---

[1] *See* Amd. Compl., Dkt. 79, ¶ 34, in which Plaintiff alleges that "Defendant Ryan informed his 'boss,' who was likely to include Coby Dennis, Lisa Roberts, and/or Defendant Skinner ...." that Crandall could be accused of sexual misconduct next "*or* that Scott could be crossing some boundaries" (emphasis added). But this does not constitute even a firm allegation that Skinner was notified given the terms "likely to include" and "and/or Defendant Skinner," or that Crandall was definitively discussed here where the conversation could have been about Scott, not Crandall. This vague and uncommitted language hardly constitutes a sufficient allegation of wrongdoing against Skinner.

**DEFENDANT SKINNER'S MOTION TO DISMISS - 2.**

A. **The Amended Complaint fails to plead any required showing that Defendant Skinner violated Plaintiff's substantive due process rights under 42 U.S.C. § 1983 based on the state-created danger theory.**

According the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law."   However, the Fourteenth Amendment "does not impose an affirmative obligation on the State to protect a person's life, liberty, or property; it acts as a limitation on the State's power to act rather than a guarantee of certain minimal levels of safety and security." *Polanco v. Diaz*, 76 F.4th 918, 925-26 (9th Cir. 2023) (quotation marks and citations omitted).   Thus, "a state actor is not liable under the Due Process Clause for its omissions." *Id.* at 926.   As an exception, "under the state-created-danger doctrine, state actors may be liable for their roles in creating or exposing individuals to danger they otherwise would not have faced." *Id.*   "To state a due process claim under the state-created-danger doctrine, a plaintiff must first allege "affirmative conduct on the part of the state that exposed him to an actual, particularized danger that [he] would not otherwise have faced." *Id.*   Additionally, "a plaintiff must allege that the state official acted with deliberate indifference to that known or obvious danger." *Id.*

Accordingly, in order for Defendant to have violated Plaintiff's substantive rights on a state-created danger theory, Plaintiff would need to show that Defendant took actions that placed Plaintiff "in a worse position than he would have been in had the state not acted at all." *Id.* Additionally, that "act must have exposed the plaintiff to an actual, particularized danger, and the resulting harm must have been foreseeable." *Id.*   Plaintiff's Amended Complaint fails to make such a pleading. Instead, Defendant's alleged conduct constitutes inaction or failure to report, which does not satisfy the affirmative act requirement under the state-created danger doctrine. *See* Compl. ¶ 60.   The Amended Complaint also does not even identify Defendant as knowing

**DEFENDANT SKINNER'S MOTION TO DISMISS - 3.**

anything about the alleged abuse by Crandall until after law enforcement had already been contacted by a teacher. *See* Compl. ¶ 50.

Additionally, any allegations of Defendant's conduct to obstruct or stonewall law enforcement are conclusory and not tied to any affirmative conduct regarding the investigation against Crandell's sexual abuse with I.J.C.   Instead, the allegations only center around the Boise Police Department's concerns about Defendant's alleged investigations with teachers Bob Clark and Phil Hiller. Compl. ¶¶ 61-71.   There are no specific allegations of how Defendant obstructed or stonewalled law enforcement while he conducted an internal investigation regarding Crandell. *See id.*   Even if the allegations that Defendant engaged in "passing the trash" with other employees are considered to be true, they do not apply in this case because Crandell was never transferred to another school.   Plaintiff has failed to provide any specific allegations against Defendant "passing the trash" Crandell.

Furthermore, to establish deliberate indifference, Plaintiff must show that Defendant had actual knowledge of a substantial risk of serious harm and disregarded that risk. The concerns reported to Skinner about Crandell's relationship with I.J.C. were vague and did not clearly indicate sexual abuse was occurring. Thus, Defendant Skinner lacked the requisite actual knowledge of a substantial risk.

**B.**      **The Amended Complaint fails to plead any required showing that Defendant was negligent or reckless.**

Under Idaho law, to establish a claim of negligence, Plaintiff must prove: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and

**DEFENDANT SKINNER'S MOTION TO DISMISS -  4.**

(4) actual loss or damage." *Albertson v. Fremont County, Idaho*, 834 F. Supp. 2d 1117, 1134 (D. Idaho 2011).

The Amended Complaint alleges that Skinner had a duty "to report all concerns of alleged abuse to authorities after having reason to believe a child under the age of 18 had been abused …." Amended Complaint (Dkt. No. 79), ¶ 111.   However, Plaintiff then contends that Skinner violated this duty not by failing to report concerns of alleged abuse, but by obstructing the ability of law enforcement to investigate such allegations. *Id.*, at ¶ 112.   This is not the same thing as failing to report abuse. As such, this claim fails for the basic reason that the conduct as alleged does not support the cause of action named.

More so, the only allegation in the Amended Complaint that alleges Skinner knew about any potential abuse of I.J.C. is Paragraph 33, wherein Skinner is, "upon information and belief," lumped in with Defendant Ryan and unnamed administration within the BSD as being aware of the alleged abuse by Hiller, not Crandall.   But this allegation is completely bare as to any detail, including how or when Skinner allegedly became aware of this information. Such a significant allegation cannot maintain a claim as here, particularly where Plaintiff does not rely upon that allegation in maintain a negligence claim against Skinner.

Additionally, the Amended Complaint lacks specific factual allegations detailing how Defendant allegedly obstructed investigators. It only provides conclusory allegations without identifying specific actions taken by Defendant that impeded law enforcement. *See* Compl. ¶¶ 61-71. Without any specifics, the Amended Complaint fails to establish the breach element required for negligence.

**DEFENDANT SKINNER'S MOTION TO DISMISS -  5.**

Moreover, there is no clear causal connection between Defendant and I.J.C.'s injuries, as the Amended Complaint does not establish that an earlier or more thorough investigation would have prevented the harm.

### C.    The Amended Complaint fails to plead any required showing that Defendant committed child abuse.

According to Idaho Code § 18-1501(2):

> Any person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health may be endangered, is guilty of a misdemeanor.

The Amended Complaint fails to establish a causal connection between Defendant Skinner's alleged obstruction and I.J.C.'s harm. By the time law enforcement started their investigation, the alleged child abuse had already occurred. There are no specific allegations that Defendant's actions allowed additional abuse to occur after law enforcement began its investigation against Crandell.

Furthermore, as Boise School District's general counsel, Defendant's role was to represent the district's legal interests, not to directly supervise students. The Amended Complaint lacks specific allegations about what information Defendant withheld regarding Crandell or how his actions directly impacted I.J.C.'s safety.  Without such specifics, the claim that Defendant willfully permitted abuse fails to meet the statutory standard under Idaho Code § 18-1501(2), which requires an affirmative act or omission with knowledge of the resulting harm.

**DEFENDANT SKINNER'S MOTION TO DISMISS -  6.**

**D.      The Amended Complaint fails to plead any required showing that Defendant negligently inflicted emotional distress against I.J.C.**

A claim of negligent infliction of emotional distress contains five elements: "(1) the existence of a duty; (2) a breach of that duty; (3) proximate cause; (4) damages; and (5) physical manifestation of the injury." *Sommer v. Elmore County*, 903 F. Supp.2d 1067, 1075 (D. Idaho 2012).

While the Amended Complaint does allege physical manifestations of emotional distress, it fails to establish that Defendant's conduct was the proximate cause of these symptoms. The emotional distress and physical symptoms would more reasonably be attributed to the direct abuse by Crandell, rather than Defendant's alleged failures to cooperate with the investigation.

The Amended Complaint also fails to differentiate between symptoms caused by the abuse itself versus those allegedly caused by Defendant's negligence.

**E.      The Amended Complaint fails to plead any required showing that Defendant negligently inflicted emotional distress against Plaintiff Champine.**

The Amended Complaint fails to establish a causal connection between Defendant's alleged obstruction of law enforcement and Plaintiff Champine's emotional distress.   The alleged obstruction occurred after the alleged abuse had already taken place, and there are no specific facts demonstrating how Defendant's actions directly caused Plaintiff Champine's distress rather than the underlying abuse itself.   Additionally, the Amended Complaint lacks specific details about what actions Defendant took that constituted obstruction, making the claim impermissibly vague.

Furthermore, the Amended Complaint fails to establish that Plaintiff Champine's distress was a foreseeable consequence of Defendant's alleged failures to report.   Under Idaho law, a duty to report child abuse is owed primarily to the child victim, not to the parents.   The Amended

**DEFENDANT SKINNER'S MOTION TO DISMISS -  7.**

Complaint does not demonstrate that Defendant had a specific duty to protect Plaintiff Champine from emotional distress, as distinguished from his duty to protect I.J.C. from abuse.   The Amended Complaint also lacks specific factual allegations showing how Defendant's individual actions directly caused Plaintiff Champine's emotional distress.

**F.      The Amended Complaint fails to plead any required showing that Defendant intentionally inflicted emotional distress against I.J.C. or Plaintiff Champine.**

For a claim of intentional infliction of emotional distress, "a plaintiff must prove that: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) there was a causal connection between the defendant's wrongful conduct and the plaintiff's emotional distress; and (4) the emotional distress was severe." *James v. City of Boise*,160 Idaho 466, 484, 376 P.3d 33, 51 (2016).

The Amended Complaint relies on conclusory allegations that Defendant made a conscious choice without providing specific facts about what information he possessed at what time and what specific decision he made.   The Amended Complaint fails to identify Defendant's actual knowledge of sexual abuse that would trigger his mandatory reporting obligations. Without establishing actual knowledge of abuse, the Amended Complaint fails to establish that Defendant acted with the requisite mental state for intentional infliction of emotional distress.

Additionally, the Amended Complaint fails to establish conduct that rises to the level of "extreme and outrageous" as required for intentional infliction of emotional distress claims under Idaho law.   The standard requires conduct that goes beyond all possible bounds of decency and is atrocious and utterly intolerable in a civilized community.   Once again, the conclusory allegations about Defendant obstructing law enforcement are not sufficient to meet the heightened requirement of this claim.

**DEFENDANT SKINNER'S MOTION TO DISMISS - 8.**

Finally, the symptoms of emotional distress claimed by Plaintiff Champine are common symptoms of general emotional distress. These symptoms are that same that could result from learning about his daughter's abuse regardless of any action or inaction by Defendant. The Amended Complaint fails to establish that these symptoms were directly caused by Defendant's alleged failures rather than by the underlying abuse itself.   Under Idaho law, claims for intentional emotional distress require a showing of physical injury or physical manifestation that is severe and substantial. The Amended Complaint's generic list of symptoms fails to meet this heightened standard of severity required for intentional infliction of emotional distress claims.

## <u>CONCLUSION</u>

Plaintiff has not alleged facts sufficient to state claims against Defendant under Idaho and Federal law. Therefore, Defendant asks this Court to grant his motion and dismiss the Amended Complaint against him under F.R.C.P. 12(b)(6).

DATED this 31st day of March, 2026.

CASTLETON LAW PLLC

*/s/ Bruce J. Castleton*
BRUCE J. CASTLETON

**DEFENDANT SKINNER'S MOTION TO DISMISS -  9.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of March, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Raymond D. Powers                           rdp@powersfarley.com
Portia L. Rauer                             plr@powersfarley.com
POWERS FARLEY, P.C.
702 W. Idaho Street, Ste. 700
Boise, ID. 83702
  *Attorneys for Plaintiff Michael Champine*

Andrea J. Rosholt                           andrea@rosholtlaw.com
ROSHOLT LAW PLLC
210 Murray Street, Ste. B
Garden City, ID 83714
  *Attorney for Plaintiff Meg Champine*

Eric S. Rossman                             erossman@rossmanlaw.com
ROSSMAN LAW GROUP,PLLC
350 N. 9th Street, Ste. 500
Boise, ID. 83702
  *Attorney for Plaintiff*


Anne Sullivan Magnelli                      amagnelli@ajhlaw.com
ANDERSON JULIAN & HULL LLLP
250 S. Fifth Street, Ste. 700
Boise, ID. 83707
  *Attorney for Defendants Boise School*
  *District and Fairmont Jr. High*



                                    */s/ Bruce J. Castleton*
                                    BRUCE J. CASTLETON

**DEFENDANT SKINNER'S MOTION TO DISMISS - 10.**