Raymond D. Powers, ISB #2737
Portia L. Rauer, ISB #7233
POWERS FARLEY, P.C.
702 W. Idaho St., Suite 700
Boise, ID  83702
Telephone: (208) 577-5100
Email: contact@powersfarley.com
        rdp@powersfarley.com
        plr@powersfarley.com

Attorneys for Plaintiff Michael Champine

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL CHAMPINE, individually and on behalf of his minor daughter, I.J.C., <br><br> Plaintiff, <br><br> vs. <br><br> CHRIS RYAN, an individual, BOISE SCHOOL DISTRICT; DANIEL SKINNER, an individual and DOES I-X, individuals and/or entities of unknown origin, <br> Defendants. | Case No. 1:23-CV-00338-DCN <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS** |
| MEG CHAMPINE, individually, and as natural legal guardian of the Minor Child, IJC, <br><br> Plaintiff, <br> vs. <br><br> BOISE SCHOOL DISTRICT; FAIRMONT JUNIOR HIGH; and CHRISTOPHER RYAN, an individual, <br><br> Defendants. | |

PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS – 1

COMES NOW the above-named Plaintiff MICHAEL CHAMPINE, as natural parent of I.J.C., a minor, by and through his attorneys of record, Powers Farley, PC, and submits the following in opposition to Defendant Skinner's Motion to Dismiss.

## I.     INTRODUCTION

Defendant Skinner's Motion to Dismiss (hereinafter, the "Motion") improperly asks the Court to weigh the facts as set forth in the Amended Complaint, draw inferences in his favor, and ignore the allegations pled throughout the entire pleading. That is not the standard associated with Rule 12(b)(6) Motion. As set forth in greater detail below, the facts identified in the Amended Complaint sufficiently plead that Defendant Skinner had knowledge of the allegations of Scott Crandell's inappropriate relationship with I.J.C., was a key player in establishing the pattern of suppressing and diverting allegations of abuse, and through his actions and inactions, caused I.J.C. to suffer harm.

At the center of the claims against Defendant Skinner is his role as a "gatekeeper." As used in this Opposition, the term "gatekeeper" refers to Defendant's Skinner's affirmative acts of intercepting and controlling the handling of child abuse allegations within the Boise School District ("BSD"). As this self-imposed gatekeeper, Defendant Skinner funneled all allegations of abuse through his office, conducted internal investigations into those allegations, and unilaterally determine if those claims needed to be forwarded to the proper authorities, as required by Idaho Code, or if it was to be handled internally as a "personnel related matter." By doing this Defendant Skinner supplanted the mandatory reporting requirements for his own system. By deciding to act as a gatekeeper for abuse claims, including the claims that Crandell had an inappropriate relationship with I.J.C., he caused harm to both I.J.C. and her father, Mr. Champine.

Therefore, and as set forth in greater detail below, Plaintiff Michael Champine respectfully asks the Court to deny Defendant Skinner's Motion.

## II.    <u>STANDARD OF REVIEW</u>

The standard of review associated with a 12(b)(6) Motion is well establishing. This Court in *Dreyer v. Idaho Dep't of Health & Welfare*, analyzed it best stating:

> Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *See* \*925 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.
>
> A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 678, 682, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
>
> In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Id.* at 663, 129 S.Ct. 1937. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).
>
> In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

*Id.*, 558 F. Supp. 3d 917, 924–25 (D. Idaho 2021).

## III.    ARGUMENT

### A.    The Amended Complaint Sufficiently Pleads Skinner Violated 42 U.S.C. § 1983.

Defendant Skinner's Motion rests on a mischaracterization of his wrongful acts identified in the Amended Complaint and an overly narrow interpretation of the state-created danger doctrine. The pleadings, when viewed in the appropriate 12(b)(6) standard, sufficiently allege that Defendant Skinner not only failed to act, but affirmatively inserted himself in the handling of child abuse allegations in a manner that altered the reporting process, intimidated teachers and staff into keeping concerns of abuse private, and increased the risk of harm to I.J.C.

Defendant Skinner relies on *Polanco v. Diaz*, 76 F.4th 918 (9th Cir. 2023), to argue that his conduct amounts to mere inaction and therefore cannot support liability under the state-created danger doctrine. That argument misreads both *Polanco* and the Amended Complaint.

In *Polanco*, the Ninth Circuit reaffirmed that while the state generally has no duty to protect individuals from private harm, liability may arise where a state actor engages in affirmative conduct that creates or exposes an individual to a danger they would not otherwise have faced, thereby placing the individual in a worse position than if the state had not acted at all. *Id.* at 926. In applying that standard, the court held that the plaintiffs plausibly stated a claim where prison officials made operational decisions, such as transferring inmates from a COVID-19 outbreak facility and housing them in conditions that increased exposure, which changed the risk environment and exposed individuals to danger. *Id.* at 928–29.

The *Polanco* decision fits within the framework of this case, because, with the matter at hand, the Amended Complaint does not only allege Defendant Skinner failed to act; rather it alleges that Defendant's Skinner affirmatively inserted himself into the reporting and investigation

of child sexual abuse allegations and acted as a gatekeeper to all claims of abuse. It is alleged that Defendant Skinner adopted the strategy of interfering with law enforcement's ability to investigate allegations of sexual abuse. *Amended Complaint*, ¶¶ 64-70. As part of this process, Defendant Skinner would conduct an internal investigation into the allegations of abuse, rather than report the claims directly to law enforcement. *Id*. It is further alleged that, in the fall of 2022, Defendant Ryan informed administration within BSD, including Defendant Skinner, that there were allegations of sexual abuse, including allegations that I.J.C. could be abused by Crandell. *Id.* at ¶¶ 33-34. These allegations were handled by BSD internally and were never reported to law enforcement. *Id.* at ¶ 34.

Defendant Skinner's attempt to narrowly frame his act of "passing the trash," arguing it does not apply given that Crandell was not transferred, ignores the actual conduct alleged in the Amended Complaint. The act of "passing the trash" is not just limited to the final act of transferring the employee who is alleged to have abused children. Rather, the transfer is the end result of a system of suppression and control of abuse allegations that allows those employees to avoid scrutiny in the first place. The Amended Complaint alleges that Defendant Skinner is the gatekeeper in that system where he independently investigates allegations of abuse, unilaterally determines the legitimacy of the claims, and determines whether claims will be reported to law enforcement or if the offender can resign in an effort to prevent law enforcement from readily accessing Defendant Skinner's investigation. *Id.* at ¶¶ 60-70. Put simply, Defendant Skinner's affirmative conduct of internally investigating all claims of abuse altered the reporting requirements under the law and exposed I.J.C. to a greater risk of harm than had he not acted as the gatekeeper.

Had Defendant Skinner not taken on the role of gatekeeper and intervened in the mandatory reporting process, then BSD staff would have known that under the law they needed to report *all* concerns of possible abuse to law enforcement, who would have then promptly and properly investigated the claims against Crandell and prevented him from further abusing I.J.C.

Finally, the Amended Complaint sufficiently pleads that Defendant Skinner acted with deliberate indifference in failing to protect I.J.C. As a member of the Idaho State Bar and general counsel to BSD, Defendant Skinner knew of the mandatory reporting requirements under I.C. § 16-1605(1), I.C. § 6-1701, and I.C. § 18-1501(2), as well as the serious and well-known risks associated with child sexual abuse. Rule 8 does not require Plaintiff to prove their whole case through the pleadings. Rather, Rule 8 requires only that the Amended Complaint allege that there were concerns I.J.C. may have been abused by Crandell; that Defendant Skinner, acting as gatekeeper, altered how those allegations were handled and reported; and that, despite knowledge of the potential abuse and the harm should the abuse not be addressed, he did not report those allegations to law enforcement in furtherance of his role as gatekeeper. In deciding this 12(b)(6) motion, those allegations are deemed true. As such, Plaintiff sufficiently pleads that Defendant Skinner sufficiently recognized the substantial risk of harm and disregarded those risks that contributed to the abuse of I.J.C.

In sum, the Amended Complaint alleges that Defendant Skinner ignored the reporting statute, affirmatively altered the report requirements of child sexual abuse, that he was informed of abuse allegations involving I.J.C., and nevertheless chose to handle those allegations internally rather than ensure they were reported to law enforcement. Again, at this stage, those allegations must be accepted as true. As such, Plaintiff has sufficiently alleged that Skinner recognized a

substantial risk of harm and consciously disregarded it, thereby contributing to conditions that placed I.J.C. in a more dangerous position than if he had not acted at all.

For these reasons, Defendant's Skinner's Motion to Dismiss the First Cause of Action Against him should be denied.

**B.      The Complaint Sufficiently Pleads a Cause of Action for Negligence/Recklessness.**

By incorporating the preceding paragraphs, it is clear that the Amended Complaint sufficiently pleads a valid cause of action for Negligence. To establish a claim for negligence, a plaintiff must show, "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage." *Albertson v. Fremont Cnty., Idaho*, 834 F. Supp. 2d 1117, 1134 (D. Idaho 2011) (internal citations omitted). As part of the federal pleading standards, the complaint needs only to state sufficient facts to put Defendant Skinner on notice of the negligence claim against him. *See Dreyer v. Idaho Dep't of Health & Welfare*, 455 F. Supp. 3d 938, 949 (D. Idaho 2020).

With the matter at hand, the facts pled in the Amended Complaint not only affirmatively allege that Defendant Skinner negligently failed to report concerns of I.J.C.'s abuse, but his deliberate acts of gatekeeping the abuse claims constitute reckless conduct. The Amended Complaint pleads that Defendant Skinner was aware of not only the allegations of abuse by Crandell against I.J.C., but he was aware of other abuse claims by other teachers, and he failed to inform law enforcement of those reports of abuse. *Amended Complaint*, at ¶¶ 33-34, 52, and 60. As a result of the failure to report Crandell to law enforcement as well as by actively hindering the investigation into Crandell's alleged sexual abuse of I.J.C., Defendant Skinner failed to protect I.J.C. from Crandell, thereby causing her to suffer harm. *Id.* at ¶¶ 112-114.

Defendant Skinner's Motion seeks to impose an evidentiary standard that is not necessary as part of a 12(b)(6) motion to dismiss. The Amended Complaint sufficiently pleads that Defendant Skinner knew of the concerns that Crandell was abusing I.J.C. because Defendant Ryan reported the concerns to school administration, which included Defendant Skinner. *Id.* at ¶ 33. This is assumed to be true in determining the 12(b)(6) Motion.

Furthermore, the Complaint sufficiently alleges that the practice of "passing the trash" that was facilitated by Defendant Skinner, created an environment within the BSD, and particularly at Fairmont Jr. High, which facilitated delayed reporting of abuse to law enforcement, and in some instances, active refusal to cooperate in investigations. *Id*. at ¶¶ 64, 69. In that environment, which was created by Defendant Skinner when he assumed the role of gatekeeper, Crandell's abuse of I.J.C. was not reported to law enforcement, and instead, was kept by him to investigate at his leisure and was to be resolved as he saw fit, when he saw fit.

Plaintiff is not required to plead the specific facts as to how exactly Defendant Skinner became aware of the alleged abuse or how specifically he acted as a gatekeeper. Rather, Plaintiff is only required to plead facts sufficient to put Defendant Skinner on notice of the claims against him. As provided above, the Amended Complaint meets that standard.

Finally, whether Defendant Skinner's conduct ultimately caused Plaintiff's injuries presents a question of fact for the jury, not a basis for dismissal. At this stage, the Amended Complaint provide sufficient notice that Plaintiff's injuries were caused not only by the failure to report the abuse, but also by Defendant Skinner's practice of creating an environment within Fairmont Jr. High of discouraging reports under the law, and altering the reporting process that contributed to Crandell's abuse not being directly reported to law enforcement who would have

then promptly and properly investigated the claims against Crandell and prevented him from further abusing I.J.C.

For the reasons set forth above, Defendant's Skinner's Motion to Dismiss the Fourth Cause of Action should be denied.

**C.      The Complaint Sufficiently Pleads the Tortious Act of Child Abuse.**

Defendant Skinner cherry-picks direct language from the Idaho Code and completely ignores paragraphs in the Amended Complaint that sufficiently plead the claim of child abuse. Although Defendant Skinner correctly quotes I.C. § 18-1501(2), he deliberately excludes from his argument language relevant to the claim at issue. Idaho Code § 18-1501(2) states:

> (2) Any person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or *having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health may be endangered*, is guilty of a misdemeanor.

*Id.* (emphasis added). "'Care and custody' as used in statute governing crime of injury to a child, requires the existence of an affirmative duty of care between the adult and the minor, which can be shown by a special relationship between the defendant and the child or an assumed duty towards the child." *State v. Kraly*, 2018, 423 P.3d 1019, 164 Idaho 67. As an employee of the school district and as the self-imposed gatekeeper of sexual abuse claims against school staff, Defendant Skinner owed a duty to protect children, like I.J.C., from harm. *I.C. § 33-512(4)*; *see also Hei v. Holzer*, 139 Idaho 81, 85, 73 P.3d 94, 98 (2003) ("[We] have recognized a duty of care owed by teachers to students[.]"); *Stoddart v. Pocatello Sch. Dist. #25*, 149 Idaho 679, 685, 239 P.3d 784, 790 (2010) ("This Court has previously recognized a duty by school districts to take reasonable steps to guard against foreseeable harms faced by their students. *Brooks I,* 127 Idaho at 490, 903 P.2d at 79 (Idaho

Code § 33–512(4) creates 'a statutory duty which requires a school district to act reasonably in the face of foreseeable risks of harm'); *see also Sherer,* 143 Idaho at 491, 148 P.3d at 1237 ('[S]chools are obligated to exercise due care and take reasonable precautions to protect their students....'); *Doe v. Durtschi,* 110 Idaho 466, 472, 716 P.2d 1238, 1244 (1986) ('[T]he school district had a statutory duty to make reasonable efforts to protect its students from . . . danger. A breach of that duty constitutes negligence.').'"); *I.C. § 16-1605(1)* ("Any physician, resident on a hospital staff, intern, nurse, coroner, school teacher, day care personnel, social worker, or *other person having reason to believe that a child under the age of eighteen (18) years has been abused . . .* shall report or cause to be reported within twenty-four (24) hours such conditions or circumstances to the proper law enforcement agency or the department.") (*emphasis added*).

In his Motion, Defendant Skinner has the audacity to argue that the statute does not apply to him as general counsel of the school district, because he had no duty to the children. This argument ignores Defendant Skinner's position within the BSD and the role he played as a self-imposed gatekeeper over allegations that students were being abused by teachers.

The Amended Complaint alleges that prior to law enforcement's involvement, Defendant Ryan put administration in the BSD, including Defendant Skinner, on notice that there were concerns expressed by Fairmont Staff, of an inappropriate relationship between Crandell and I.J.C. *Amended Complaint*, at ¶ 34. It is pled that Defendant Skinner adopted the strategy of interfering with law enforcement's ability to investigate matters of sexual misconduct before, during, and after having been aware of Crandell's inappropriate relationship with I.J.C. *Id.* at ¶¶ 64-71. It is pled that Defendant Skinner failed to protect I.J.C. from Crandell despite having knowledge of potential sexual misconduct of Crandell. *Id*. at ¶ 52. It is pled that Defendant Skinner told law enforcement

they would internally investigate such claims. *Id.* at ¶¶ 74-75. It is pled that, as a result of Defendant Skinner's actions as well as inactions, I.J.C. suffered harm. *Id.* at ¶¶ 113-114.

At this stage, these pleadings are deemed true. As such, the Amended Complaint sufficiently alleges that Defendant Skinner created an environment in which all suspected sexual abuse allegations were routed through him, unilaterally determined how and when those allegations would be handled, and discouraged staff from reporting concerns regarding Crandell's relationship with I.J.C. to police, while also failing to investigate those concerns promptly. Taken together, these allegations plausibly establish that Defendant Skinner willfully caused or permitted I.J.C. to be placed in a situation where her health was endangered.

Furthermore, Mr. Skinner seeks to avoid liability by ignoring his statutory duty under I.C. § 33-512. It is pled that Mr. Skinner was employed by the school and that he took on the role of gatekeeper for claims against school staff who were alleged to have committed child abuse. By taking on this role and by unilaterally determining what claims have merit, Defendant Skinner prevented claims of child abuse, like those suffered by I.J.C. from being promptly investigated by law enforcement. Given that it is pled that Defendant Ryan informed Defendant Skinner and BSD administration of concerns regarding Crandell's relationship with I.J.C., and given that it is alleged that Defendant Skinner did not promptly report those concerns to law enforcement, which allowed Crandell to continue to abuse I.J.C., any argument that the complaint fails to state a claim for child abuse lacks a good-faith basis in law or fact.

In sum, the Amended Complaint states that Defendant Skinner was made aware of the concerns regarding Crandell's inappropriate relationship with I.J.C. before law enforcement's involvement. The Amended Complaint further alleges that, through his role of gatekeeper for abuse claims, he altered reporting requirements for all sexual abuse allegations against teachers to where

he would determine the viability of those allegations before he decided whether to report them to law enforcement. It is alleged that Defendant Skinner intentionally created an environment where complying with the law and reporting suspected abuse was frowned upon and discouraged. It is also alleged that he acted as gatekeeper to the allegations that Crandell had an inappropriate relationship with I.J.C. It is further alleged that Defendant Skinner's intentional acts and failure to report Crandell caused I.J.C. harm. For these reasons, Defendant's Skinner's Motion to dismiss the Seventh Cause of Action should be denied.

**D.      The Amended Complaint Sufficiently Pleads a Cause of Action for Negligent Infliction of Emotional Distress (N.I.E.D.) for I.J.C.**

Defendant Skinner's argument ignores the complete pleadings and the scope of his wrongful acts. For the very same reasons identified above, the Amended Complaint adequately pleads a claim for N.I.E.D. Notably, Defendant Skinner does not argue that there is no alleged duty at issue with this cause of action nor that I.J.C. lacks the physical manifestation of her injuries; rather, he argues that the Amended Complaint does not establish the element of causation because there is an alternative theory of damages. Again, that is not the appropriate analysis for the purposes of a 12(b)(6) Motion to Dismiss as it is essentially asking the Court to apportion damages via the Motion to Dismiss. At the pleading stage, the Court must only determine if the Amended Complaint alleges that Defendant Skinner's conduct caused harm. *See 57A Am. Jur. 2d Negligence § 404* ("When a complaint for negligence adequately recites the element of causation, an issue of fact for the jury to decide, the plaintiff has made a sufficient pleading of causation to survive a motion to dismiss for failure to state a claim.").

As argued above, the Amended Complaint does just that. The Amended Complaint alleges that prior to law enforcement's involvement, Defendant Ryan put administration in the BSD, including Defendant Skinner, on notice of the concerns of Crandell's relationship with I.J.C.

*Amended Complaint*, at ¶ 34. It further alleges that Skinner adopted a practice of interfering with law enforcement's ability to investigate sexual misconduct, failed to protect I.J.C. despite knowledge of potential abuse, and directed that the matter be handled internally rather than reported externally. *Id.* ¶¶ 52, 64, 74–75; *see also* ¶ 188. As a result of these actions and omissions, Crandell's abuse of I.J.C. was not reported to law enforcement. *Id.* at ¶ 34. By not reporting Crandell to law enforcement, and by taking no steps to protect I.J.C. given these allegations, she suffered harm. *Id.* ¶¶ 113–114.

Defendant's argument is simply that I.J.C.'s damages may be caused by the abuse from Crandell, however, that is not an appropriate argument for a 12(b)(6) motion. Rather, that apportionment argument is left to a jury to decide. The question before the court is whether the pleading sufficiently alleges a cause of action for N.I.E.D. and, as provided above, it clearly does.

Therefore, for the reasons set forth above, Defendant's Skinner's Motion to Dismiss the Ninth Cause of Action against him should be denied.

**E.**     **The Amended Complaint Sufficiently Pleads a Cause of Action for Negligent Infliction of Emotional Distress for Plaintiff Michael Champine.**

Again, Defendant Skinner's argument ignores the complete pleadings and the scope of his wrongful acts. The Amended Complaint alleges that Defendant Skinner knew of concerns regarding Crandell's inappropriate relationship with I.J.C., failed to act to protect her, and did so despite Plaintiff Michael Champine's express request that Crandell have no contact with his daughter. It is therefore entirely foreseeable that Mr. Champine, having reported those concerns, would suffer harm when Defendant Skinner failed to act.

The pleadings sufficiently establish Defendant Skinner owed Plaintiff Michael Champine a duty of care to report abuse and protect his daughter because Defendant Skinner improperly undertook the role of gatekeeper of child abuse claims for the school.

As a general rule, Idaho law does not impose an affirmative duty to "assist or protect another absent unusual circumstances." *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 399, 987 P.2d 300, 311 (1999) (citing Restatement (Second) of Torts § 314A (1965)). The existence of a "special relationship" may constitute such an unusual circumstance, giving rise to a duty to protect. *Id.* For tort-law purposes, Idaho recognizes two categories of special relationships. The first "exists between the actor and a third person which imposes a duty upon the actor to control the third person's conduct[.]" *Turpen v. Granieri*, 133 Idaho 244, 248, 985 P.2d 669, 673 (1999) (quoting Restatement (Second) Torts § 315 (1965)). This Court has identified examples of these relationships, including "a parent's duty to control his child, an employer's duty to control an employee while at work, or a law enforcement officer's duty to control a dangerous prisoner." *Henrie v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 162 Idaho 204, 209, 395 P.3d 824, 829 (2017) (quoting *Turpen*, 133 Idaho at 248, 985 P.2d at 673). These examples underscore that the "quintessential aspects" of this category are "custody and control" over the third person—attributes that give rise to a duty to protect others from the third person's tortious conduct. *GSN Cap., LLC v. Shoshone City & Rural Fire Dist.*, 173 Idaho 345, 356, 541 P.3d 703, 714 (2024); *Litchfield v. Nelson*, 122 Idaho 416, 420–21, 835 P.2d 651, 655–56 (Ct. App. 1992) ("For there to be a special relationship between the actor and the third person, the actor must have the ability and obligation to control the conduct of the third person.").

*Spears v. Antelope Mountain Resort, LLC*, 585 P.3d 314, 322 (Idaho 2026). A court must evaluate seven factors when determining if a special relationship exists that creates a duty of care when one was not previously imposed. *GSN Cap., LLC v. Shoshone City & Rural Fire Dist.*, 173 Idaho 345, 354, 541 P.3d 703, 712 (2024). These factors are:

(1) the foreseeability of harm to the plaintiff;
(2) the degree of certainty that the plaintiff suffered injury;
(3) the closeness of the connection between the defendant's conduct and the injury suffered;
(4) the moral blame attached to the defendant's conduct;
(5) the policy of preventing future harm;
(6) the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach; and
(7) the availability, cost, and prevalence of insurance for the risk involved.

*Id.* (citing *Rife v. Long*, 127 Idaho 841, 846, 908 P.2d 143, 148 (1995)). With the matter at hand, all seven factors support the finding that Defendant Skinner owed a duty to protect Plaintiff Michael Champine from harm associated with the failure to protect his daughter from abuse by Crandell.

First, it is reasonably foreseeable that, when a parent reports to school officials that a teacher is acting inappropriately toward their child, the failure of the school official to act on those concerns (particularly one with legal training such as Defendant Skinner) will cause harm to the reporting parent. *See e.g., Doe Parents No. 1 v. State, Dep't of Educ.,* 100 Haw. 34, 58 P.3d 545 (2002), *as amended* (Dec. 5, 2002) ("Because it is foreseeable that, should harm befall a student because the state Department of Education (DOE) breaches the duty to take reasonable precautions, the student's parents will, at the very least, suffer emotional distress, the DOE's duty to take whatever precautions are reasonable to prevent harms that it anticipates, or reasonably should anticipate, may befall its students runs not only to the students, but to their parents as well.").

With this matter in particular, Plaintiff Michael Champine reported his concerns that Crandell had an inappropriate relationship with his daughter to Defendant Ryan. *Amended Complaint*, at ¶ 39. It was further pled that Defendant Ryan informed Defendant Skinner of the concerns regarding Crandell's relationship with I.J.C. *Id.* at ¶ 34. As such, Defendant Skinner could reasonably foresee that failing to take reasonable steps to limit the risk of abuse would cause harm to Plaintiff Michael Champine, who came to the school asking for help to keep his daughter safe.

Secondly, as pled, Plaintiff Michael Champine suffered injury as a result of the wrongful actions and inactions of Defendant Skinner. *Amended Complaint*, at ¶¶ 193-194.

Third, given that he was the improper gatekeeper to sexual abuse claims against teachers and given that he had authority within the district to respond to Plaintiff's reported concerns and take steps that would have prevented further abuse of his daughter, Defendant Skinner's conduct has a close connection to Plaintiff Michael Champine's injuries.

Fourth, given that Defendant Skinner's alleged conduct involves knowingly interfering with reports of Crandell's inappropriate relationship with I.J.C. and that he had specialized knowledge, given his background as an attorney, of the legal requirements to report abuse, there is significant moral blame attached to Defendant Skinner's conduct.

Fifth, imposing a duty on Defendant Skinner would not oppose an onerous obligation, as there was already an obligation under Idaho Code §§ 33-512 and 18-1501(2) for school officials like Defendant Skinner to report abuse and protect children. Adding a duty owed to a parent who reports the concerns of abuse would only strengthen the statutory obligations of individuals like Defendant Skinner to report abuse.

Sixth, under the same reasoning above, imposing a duty on Defendant Skinner would not overburden individuals like Defendant Skinner, as there is already a statutory duty to protect children and report concerns of abuse.

Finally, seventh, school districts and their employees typically carry liability insurance for risks arising from their operations, including the mishandling of student safety issues, making the imposition of a duty appropriate.

Given that we are in the pleading stages of this matter, the Amended Complaint sufficiently asserts a cause of action against Defendant Skinner and establishes both a duty of care and a plausible causal connection between Defendant Skinner's wrongful acts and Plaintiff Michael

PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS – 16

Champine's injuries. Therefore, and for the reasons set forth above, Defendant's Skinner's Motion to Dismiss the Tenth Cause of Action against him should be denied.

**F.**    **The Amended Complaint Sufficiently Pleads a Cause of Action for Intentional Infliction of Emotional Distress (I.I.E.D.).**

Defendant Skinner's argument fails because it improperly imposes a heightened pleading standard and ignores the well-pled facts demonstrating reckless and outrageous conduct. In Idaho, four elements are necessary to establish a claim of intentional infliction of emotional distress: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe. *Curtis v. Firth,* 123 Idaho 598, 601, 850 P.2d 749, 751 (1993). Defendant Skinner's Motion, however, improperly seeks to impose a heightened pleading requirement by arguing that the Amended Complaint must identify the precise information Skinner possessed at specific times and the exact decisions that allegedly constituted outrageous conduct or the requisite mental state. That is not the standard. As with his other arguments, Skinner improperly demands evidentiary detail rather than assessing whether the Amended Complaint plausibly alleges conduct that, if proven, would satisfy the elements of IIED.

The Amended Complaint sufficiently alleges that Defendant Skinner had knowledge that Crandell had an inappropriate relationship with I.J.C. and chose not to take any steps to prevent further abuse from occurring. Plaintiff Michael Champine reported his concerns that Crandell had an inappropriate relationship with his daughter to Defendant Ryan. *Amended Complaint*, at ¶ 39. It was further pled that Defendant Ryan informed Defendant Skinner of the concerns regarding Crandell's relationship with I.J.C. *Id.* at ¶ 34. Despite this knowledge, Defendant Skinner did not report the potential abuse to law enforcement. *Id.*

Furthermore, the extreme and outrageous conduct at issue is not just Defendant Skinner's failure to report the concerns regarding the potential abuse, but the atmosphere he created in acting improperly as gatekeeper to sexual abuse claims that is both outrageous and caused Plaintiff and his daughter's injuries. Defendant Skinner possesses special knowledge of the legal requirements associated with the duty to disclose abuse, and despite this knowledge, he used his position within the BSD to act as gatekeeper to all reports that teachers may be abusing children. In this role, he investigated claims, unilaterally determined the viability of those claims, and handed out punishment on those claims he felt had merit. It is further alleged that Defendant Skinner used his position to coordinate with individuals accused of misconduct to leave the District under circumstances that limited external scrutiny and access to information. Taken together, these allegations describe conduct that a reasonable jury could find to be extreme and outrageous, particularly given the context of child sexual abuse and Defendant Skinner's knowledge of the legal obligations to report such conduct.

Furthermore, Defendant's causation argument fails for the same reasons addressed above. Plaintiff is not required to establish that Defendant was the sole cause of the emotional distress, only that his conduct plausibly contributed to it. Whether and to what extent Defendant's conduct caused Plaintiff Michael Champine's injuries is a question of fact not suitable for resolution on a motion to dismiss.

Finally, Defendant's challenge to the severity of Plaintiff's emotional distress improperly seeks to weigh the evidence. The Amended Complaint alleges that Plaintiff suffered significant emotional harm as a result of Defendant's conduct. At the pleading stage, those allegations are sufficient. Plaintiff is not required to prove the extent of that distress or provide medical evidence at this time.

In sum, Defendant's Motion does not identify a pleading deficiency but instead asks the Court to resolve factual disputes and draw inferences in Defendant's favor. The Amended Complaint plausibly alleges each element of intentional infliction of emotional distress. As such, Defendant Skinner's Motion to Dismiss the Eleventh Cause of Action should be denied.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff Michael Champine respectfully requests that the Court deny Defendant Skinner's Motion to Dismiss on the grounds that the Amended Complaint sufficiently pleads facts to put him on notice of all claims brought against him by Plaintiff and I.J.C.

DATED this 21st day of April, 2026.

POWERS FARLEY, PC

By    /s/ Raymond D. Powers
    Raymond D. Powers – Of the Firm
    Portia L. Rauer – Of the Firm
    Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 21st day of April, 2026, the foregoing document was:

__x__   Electronically filed with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

Anne S. Magnelli
Nicole M. Jenkins
Attorneys for Defendants
amagnelli@ajhlaw.com
njenkins@ajhlaw.com

Eric S. Rossman
Mallam J. Prior
Attorneys for Plaintiff Meg Champine
erossman@rossmanlaw.com
mprior@rossmanlaw.com

Andrea J. Rosholt
Attorney for Plaintiff Meg Champine
andrea@rosholtlaw.com

Bruce J. Castleton
Attorney for Defendant Skinner
bruce@castletonlegal.com


_____/s/ Raymond D. Powers_____
Raymond D. Powers
Portia L. Rauer