Bruce J. Castleton ISB No. 6915
CASTLETON LAW PLLC
10400 Overland Road #238
Boise, ID 83709
Telephone No. (208) 629-4590
Facsimile No. (208) 509-4814
bruce@castletonlegal.com

*Attorney for Defendant Skinner*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL J. CHAMPINE, individually and on behalf of his minor daughter, I.J.C., <br><br> Plaintiff, <br><br> vs. <br><br> CHRIS RYAN, an individual; BOISE SCHOOL DISTRICT; DANIEL SKINNER, an individual, and DOES I-X, individuals and/or entities of unknown origin, <br><br> Defendants. | Case No. 1:23-cv-00338-DCN <br><br> **DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS** |

COMES NOW Defendant Daniel Skinner (hereinafter "Defendant"), by and through his attorney of record, the law firm of Castleton Law PLLC, and hereby submits the following reply to Plaintiff's Opposition to Defendant Skinner's Motion to Dismiss pursuant to F.R.C.P. 12(b)(6).

## **INTRODUCTION**

Plaintiff Michael J. Champine filed an amended complaint to add Defendant Skinner. The Amended Complaint against Defendant Skinner fails to state a claim. For this reason, and as set forth below, the Court should dismiss the Amended Complaint under F.R.C.P. 12(b)(6).

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 1.**

## LEGAL STANDARD

A complaint may be dismissed under F.R.C.P. 12(b)(6) when, even assuming the truth of the plaintiff's well-pleaded facts, the pleading fails to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Additionally, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## ARGUMENT

Initially, Plaintiff has failed to address Defendant Skinner's contention that the Amended Complaint does not draw any logical connection between the alleged actions of Skinner and the harm done to I.J.C. or her father or the undisputed fact that there was never any communication to Skinner that something inappropriate was going on with Crandell. *See* Defendant Skinner's Motion to Dismiss, p. 2. In fact, Defendant Skinner was never informed of Crandell's abuse until after Crandell was already under investigation by law enforcement, and anything regarding Bob Clark could not have affected what happened with Crandell since Crandell was already deceased at that time. *Id.*

Instead of addressing Defendant's Skinner's first argument, Plaintiff's Opposition repeats the same insufficient and generalized allegation that "Defendant Ryan informed administration

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 2.**

within BSD, including Defendant Skinner, that there were allegations of sexual abuse, including allegations that I.J.C. could be abused by Crandell," citing to paragraph 34 of the Amended Complaint. Opposition, p. 5.   Plaintiff continues to improperly cite to paragraph 34 of the Amended Complaint as proof that Defendant Skinner knew that there were concerns about Crandell's behavior toward I.J.C. *See* Opposition, pp. 7, 8, 10, 12-13, 15, 17.   However, paragraph 34 of the Amended Complaint states, "Upon information and belief, during the internal investigation of Mr. Hiller, Defendant Ryan informed his 'boss,' *who was likely to include* Coby Dennis, Lisa Roberts, *and/or* Defendant Skinner … that he believed Crandell 'could be accused (of sexual battery) next or that Scott could be crossing some boundaries" (emphasis added).   The use of the phrases "likely to include" and "and/or" makes this allegation vague and insufficient.

This allegation (paragraph 34) suffers from three overlapping and serious defects: (1) it is a speculative "upon information and belief" assertion without any factual basis making Skinner's culpability plausible; (2) it uses qualified, disjunctive language ("likely to include," "and/or") that signals guesswork rather than an inference grounded in fact; and (3) it fails to differentiate Skinner from other possible individuals and does not allege any specific conduct by Skinner himself. Under the controlling framework of *Ashcroft v. Iqbal*, 556. U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly* (550 U.S. 544 (2007) as applied by the Ninth Circuit, this is precisely the kind of speculative, conclusory allegation that courts are directed to disregard at the pleading stage.

The Ninth Circuit has recognized that the *Twombly* plausibility standard "does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 3.**

910, 928 (9th Cir. 2017).   This standard has been recognized in *Waln v. Dysart School District*, 54 F.4th 1152, 1161 (9th Cir. 2022) and *Roe v. CoreCivic, Inc.*, 2026 WL 218946 (S.D. Cal. 2026). However, the permission to plead on information and belief comes with a critical limitation: the belief must be anchored in factual information that actually renders the inference of culpability plausible, not merely possible.   The *Soo Park* court found sufficiency because the plaintiff pleaded specific facts — drawn from the plaintiff's own direct experiences and a rich factual context — that were "suggestive" of wrongdoing, which allowed the court to determine that the claim had crossed "from conceivable to plausible." *Soo Park*, 851 F.3d at 928.   Where, by contrast, the "upon information and belief" allegation appears to be mere speculation, it fails. In *Diaz v. Chase*, 416 F. Supp. 3d 1090 (D. Nev. 2019), for instance, the court rejected allegations that were "nothing more than speculation based on Diaz's 'information and belief'" stating that "[t]his speculative guesswork is insufficient to plausibly plead a cause of action." *Diaz v. Chase*, 416 F.Supp. at 1098.   Similarly, in *Fidler v. Arizona*, 2023 WL 2759023 *n.4 (D. Ariz. Apr. 3, 2023), the court found that an "upon information and belief" allegation appeared to be "a guess rather than a recital of something Fidler knows or has sufficient reason to believe," and accordingly found it deficient.

The phrase "who was likely to include . . . Defendant Skinner" is a quintessential expression of speculation.   The word "likely" is a hedge that concedes the Plaintiff does not actually know whether Skinner was Ryan's boss or whether Skinner was informed of anything. Under *Soo Park*, information and belief pleading is permissible when the belief is grounded in factual information making culpability plausible — not when it is merely a guess that a particular person might have been involved.   The allegation does not state any factual basis for why the

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 4.**

Case 1:23-cv-00338-DCN    Document 89    Filed 05/05/26    Page 5 of 15

Plaintiff believes Skinner was the recipient of Ryan's communication. This puts the allegation squarely in the category of "speculative guesswork" condemned in *Diaz* and the "a guess rather than a recital of something Fidler knows or has sufficient reason to believe" rejected in *Fidler*, 2023 WL 2759023 *n.4.

The allegation identifies three possible individuals — Coby Dennis, Lisa Roberts, and Defendant Skinner — using the disjunctive "and/or" construction. This means Skinner is only one of at least three possible people who might have been informed by Ryan, and perhaps none of them were. Such a disjunctive allegation cannot plausibly establish that Skinner, as opposed to Dennis or Roberts (or some other unnamed person), received the information or took any action based on it. Under *Iqbal*, a complaint must allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 664. An allegation that a defendant was one of three (or more) people who *might* have received a communication does not permit such an inference with respect to Skinner specifically. It is the pleading equivalent of naming ten suspects where only one (or possibly none) is guilty and expecting the allegation to survive against all of them.

And third, the allegation impermissibly groups defendants without individual conduct. Courts within the Ninth Circuit consistently hold that undifferentiated group pleading that fails to "indicate which individual defendant or defendants were responsible for which wrongful act" is impermissible because it fails to provide fair notice to each defendant of the allegations made against them. *In re Sagent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003); *see also Russo v. Federal Medical Services, Inc.*, 744 F. Supp. 3d 914, 922 (N.D. Cal. 2024) (applying *Sagent Tech.*). Importantly, even where group pleading may be permissible in

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 5.**

some circumstances, individual defendants must have specific allegations of personal involvement in the alleged misconduct.    In *Russo*, the court found allegations against Jerry Tate, the CEO and owner of Ben Fitzgerald Real Estate Services, LLC, insufficient where the complaint did nothing more than allege his title and ownership, without alleging any specific conduct connecting him to the violations. *Russo*, 744 F.Supp.3d at 914.    The Skinner allegation here is even weaker: it does not even affirmatively allege Skinner was Ryan's boss — it says Ryan's boss was "likely to include" Skinner.    There is no allegation of what Skinner did, said, decided, or knew after any purported communication.    The allegation that Skinner was merely "in the meeting" without further elaboration is insufficient to establish personal culpability under *Iqbal*'s requirement that the factual allegations plausibly suggest entitlement to relief against that specific defendant. *Iqbal*, 556 U.S. at 680.

The pleading deficiency here is not technical — it is structural.    Courts evaluating 12(b)(6) motions are instructed to draw reasonable inferences in the plaintiff's favor, but they are not permitted to construct plausible claims from speculative or conclusory language. The allegation as written gives Skinner no fair notice of specifically what conduct he is alleged to have engaged in.    A defendant cannot prepare an adequate defense when the only allegation is that he was possibly one of several people who might have been told something by a third party.    To cure these defects, the plaintiff would need to plead specific facts — ideally drawn from communications, documents, or direct knowledge — establishing that Skinner did in fact receive Ryan's report, occupied a specific supervisory role, and engaged in specific conduct arising from that communication.    Without that, the allegation fails to make it past a 12(b)(6) motion.    As

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 6.**

such, paragraph 34 does not constitute a sufficient allegation of wrongdoing against Defendant Skinner.

Additionally, Plaintiff makes a new argument that Defendant Skinner can be liable for all of the claims because of "his role as a 'gatekeeper'" while "intercepting and controlling the handling of child abuse allegations within the Boise School District." Opposition, p. 2. These claims of "gatekeeping" are irrelevant because Plaintiff has failed to provide any sufficient allegations that Defendant Skinner had actual knowledge of the concerns regarding Crandell's behavior and actions with I.J.C. *See* Defendant Skinner's Motion to Dismiss, p. 2, n. 1. Thus, it would be impossible for him to "gatekeep" any claims that Crandell had an inappropriate relationship with I.J.C. since he did not learn about these claims until after law enforcement already initiated an investigation against Crandell. *Id.*

Furthermore, the Amended Complaint fails to include any sufficient allegations that Defendant Skinner used these "gatekeeping" tactics to prevent teachers or other employees of the Boise School District from reporting their concerns about Crandell's relationship with I.J.C. In fact, several teachers did report their concerns to Defendant Ryan, and an anonymous source contacted the Boise Police Department, which initiated a law enforcement investigation against Crandell. *See* Compl. ¶¶ 37-39, 42, 44, 46. There are also no allegations that Defendant Skinner counseled Defendant Ryan to avoid reporting these concerns about Crandell to law enforcement.

A.    **The Amended Complaint fails to plead any required showing that Defendant Skinner violated Plaintiff's substantive due process rights under 42 U.S.C. § 1983 based on the state-created danger theory.**

Plaintiff claims that its Amended Complaint sufficiently pleads that Defendant Skinner violated 42 U.S.C. § 1983 because "Defendant Skinner's affirmative conduct of internally

investigating all claims of abuse altered the reporting requirements under the law and exposed I.J.C. to a greater risk of harm than had he not acted as the gatekeeper." Opposition, p. 5. Plaintiff's claim is without merit.

First, as stated above, Plaintiff has failed to make a sufficient showing that Defendant Skinner engaged in any "gatekeeping" regarding the sexual abuse allegations of Crandell with I.J.C. In fact, Defendant Skinner lacked any actual knowledge regarding Crandell's behavior and/or actions toward I.J.C. until after law enforcement began their investigation. *See* Compl. ¶ 34.

Additionally, the Amended Complaint lacks any allegations of affirmative action that Defendant Skinner engaged in that prevented others from reporting their concerns about Crandell's relationship with I.J.C. Plaintiff only makes conclusory statements about Defendant Skinner's "gatekeeping" without providing any specific allegations of how he prevented other teachers from reporting their concerns about Crandell's actions with I.J.C. In fact, the opposite occurred since several teachers reported their concerns to Defendant Ryan and someone made an anonymous tip to the Boise Police Department. *See* Compl. ¶ ¶ 37-39, 42, 44, 46. Had Defendant Skinner established an environment that prevented teachers from making disclosures, these same teachers would not have expressed their concerns or the anonymous tipster would not have contacted the police.

Finally, Defendant Skinner never engaged in an internal investigation regarding Crandell's relationship with I.J.C. before law enforcement was contacted; he only began his investigation after law enforcement received an anonymous tip. *See* Compl. ¶ 50. Accordingly, Defendant

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 8.**

Skinner did not engage in any affirmative actions that violated Plaintiff's substantive rights on the state-created danger theory.

> **B.**     **The Amended Complaint fails to plead any required showing that Defendant was negligent or reckless.**

Plaintiff claims that Defendant Skinner was negligent because his role as a "gatekeeper" prevented him from reporting Crandell's abuse to law enforcement and was instead "kept by him to investigate at his leisure and was to be resolved as he saw fit, when he saw fit." Opposition, p. 8. This claim is erroneous.

As stated above, the Amended Complaint fails to provide any sufficient allegations that Defendant Skinner had actual knowledge of Crandell's relationship with I.J.C. Plaintiff's argument relies on the claim that "Defendant Skinner was aware of not only the allegations of abuse by Crandell against I.J.C., but he was aware of other abuse claims by other teachers," as well as "actively hindering the investigation." Opposition, p. 7. However, Skinner did not know about the allegations until after law enforcement received the anonymous tip and began their own investigation. *See* Compl. ¶ 50. Furthermore there are no sufficient allegations in the Amended Complaint that Defendant Skinner investigated the allegations against Crandell "at his leisure." Accordingly, he could not have breached any alleged duty.

Plaintiff also claims that it is not required to "plead the specific facts as to how exactly Defendant Skinner became aware of the alleged abuse or how specifically he acted as gatekeeper." Opposition, p. 8. However, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988. It is unwarranted and unreasonable to claim that Defendant Skinner knew about the allegations against Crandell just because Defendant Ryan had a meeting that "likely" included two

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 9.**

people "and/or Defendant Skinner," without any further substantiation or proof that Defendant Skinner was in fact present at that meeting. *See* Compl. ¶ 34.   Instead, the Amended Complaint impermissibly attempts to attribute collective knowledge to Defendant Skinner without actually establishing his personal awareness of the situation.

Accordingly, the Amended Complaint fails to make a requisite pleading that Defendant Skinner was negligent or reckless.

### C.    The Amended Complaint fails to plead any required showing that Defendant committed child abuse.

Plaintiff claims that Defendant Skinner "owed a duty to protect children, like I.J.C. from harm" because he was "an employee of the school district" and "the self-imposed gatekeeper of sexual abuse claims against school staff." Opposition, p. 9.   This claim is without merit.

Idaho Code § 18-1501(2) requires either custody/care of a child or willful causation of injury.   As general counsel, Defendant Skinner had no direct supervisory relationship with students that would create a special relationship required under the statute. The Amended Complaint fails to allege facts showing Defendant Skinner personally placed I.J.C. in danger or had any direct interaction with her.   Moreover, the statute's "willfully causes or permits" language requires intent to cause the harmful situation, not mere negligence in handling reports, and no such intent is adequately alleged in the Amended Complaint.

Additionally, Plaintiff once again improperly claims that Defendant Skinner was a "gatekeeper" of sexual abuse investigations within the Boise School District, which meant that he had a duty toward I.J.C.   Specifically, Plaintiff claims that "Defendant Skinner adopted the strategy of interfering with law enforcement's ability to investigation matters of sexual misconduct before, during, and after having been aware of Crandell's inappropriate relationship with I.J.C."

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS -  10.**

Opposition, p. 10. As stated above, there are no sufficient allegations that Defendant Skinner had actual knowledge of Crandell's relationship with I.J.C. *See* Compl. ¶ 34.   Furthermore, there are no specific allegations that Defendant Skinner interfered with law enforcement's investigation of Crandell before or after the anonymous tipster prompted their investigation.   Accordingly, the Amended Complaint fails to meet the requisite showing that Defendant Skinner violated Idaho Code § 18-1501(2).

> **D.** **The Amended Complaint fails to plead any required showing that Defendant negligently inflicted emotional distress against I.J.C.**

Plaintiff claims that Defendant Skinner negligently inflicted emotional distress against I.J.C. because Defendant Ryan put him "on notice of the concerns of Crandell's relationship with I.J.C." and Defendant Skinner "directed that the matter be handled internally rather than reported externally." Opposition, pp. 12-13.   This claim is erroneous.

Not only does this claim rely improperly on paragraph 34 of the Amended Complaint that Defendant Skinner had actual knowledge of Crandell's relationship with I.J.C., but also it makes an allegation that is not contained in the Amended Complaint.   There is no allegation that Defendant Skinner directed anyone that Crandell's relationship with I.J.C. should "be handled internally rather than reported externally."   Defendant Skinner did not begin his internal investigation until after law enforcement had received their anonymous tip and began their own investigation. *See* Compl. ¶ 50.   Therefore, there are no sufficient allegations that Defendant Skinner's conduct caused any harm to I.J.C.   Accordingly, the Amended Complaint fails to make a requisite pleading that Defendant Skinner negligently inflicted emotional district against I.J.C.

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 11.**

**E.      The Amended Complaint fails to plead any required showing that Defendant negligently inflicted emotional distress against Plaintiff Champine.**

Plaintiff asserts that a special relationship existed between Plaintiff Champine and Defendant Skinner that would support a claim of negligent infliction of emotional distress. Opposition, pp. 14-16. Specifically, Plaintiff relies on the seven factors from *GSN Cap., LLC v. Shoshone City & Rural Fire Dist.*, 173 Idaho 345, 354, 541 P.3d 703, 712 (2024) that establish a special relationship.   However, Plaintiff erroneously ties these factors to Defendant Skinner.

For example, Plaintiff claims that "it is reasonably foreseeable that, when a parent reports to school officials that a teacher is acting inappropriately toward their child, the failure of the school officials to act on those concerns (particularly one with legal training such as Defendant Skinner) will cause harm to the reporting parent." Opposition, p. 14.   However, there is no allegation in the Amended Complaint that Plaintiff Champine ever made a report of his concerns about Crandell's relationship with I.J.C. to Defendant Skinner.   Instead, Plaintiff relies again improperly on paragraph 34 of the Amended Complaint despite it lacking substantive proof that Defendant Skinner was even present at the meeting with Defendant Ryan.

Additionally, Plaintiff claims that "Defendant Skinner's alleged conduct involves knowingly interfering with reports of Crandell's inappropriate relationship with I.J.C." Opposition, p. 16.   However, there are no allegations in the Amended Complaint that show that Defendant Skinner allegedly interfered "with reports of Crandell's inappropriate relationship with I.J.C."   In fact, the only time that there is an allegation that Defendant Skinner spoke to another teacher about the allegations against Crandell, it was already after law enforcement had begun its investigation. *See* Compl. ¶ 50.   This was after the alleged abuse had already taken place, so it

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 12.**

could not have caused any further harm to Plaintiff Champine outside of the underlying abuse itself.

Unable to meet all seven factors of *GSN Cap., LLC*, Plaintiff has not established that a special relationship exists between Plaintiff Champine and Defendant Skinner that is needed to show that Defendant Skinner negligently inflicted emotional distress against Plaintiff Champine.

**F.    The Amended Complaint fails to plead any required showing that Defendant intentionally inflicted emotional distress against I.J.C. or Plaintiff Champine.**

Plaintiff claims that the "Amended Complaint sufficiently alleges that Defendant Skinner had knowledge that Crandell had an inappropriate relationship with I.J.C. and chose not to take any steps to prevent further abuse from occurring." Opposition, p. 17.   Once again, this claim is without merit since there is no sufficient allegation that Defendant Skinner knew about the allegations regarding Crandell's relationship with I.J.C. *See* Compl. ¶ 34.   There is no definitive proof that Defendant Skinner was in the alleged meeting with Defendant Ryan, only that the meeting "likely included" two people "and/or Defendant Skinner," which is vague and does not make it a sufficient allegation. *See* Defendant Skinner's Motion to Dismiss, p. 2, n. 1.

Plaintiff also claims that "the extreme and outrageous conduct at issue is not just Defendant Skinner's failure to report the concerns regarding the potential abuse, but the atmosphere he created in acting improperly as gatekeeper to sexual abuse claims that is both outrageous and caused Plaintiff and his daughter injuries." Opposition, p. 18.   Specifically, Plaintiff claims that Defendant Skinner "investigated claims, unilaterally determined the viability of those claims, and handed out punishment on those claims he felt had merit." *Id.*   However, these claims are erroneous.   As stated above, the Amended Complaint fails to provide any sufficient allegations that Defendant Skinner had actual knowledge or acted as a "gatekeeper" regarding the allegations

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 13.**

of Crandell's relationship with I.J.C.   Additionally, he did not create an "atmosphere" that led others to fail to report their concerns about Crandell's relationship with I.J.C., since several teachers reached out to Defendant Ryan about their concerns and an anonymous caller contacted law enforcement. *See* Compl. ¶ ¶ 37-39, 42, 44, 46.   As such, the Amended Complaint fails to establish the required casual connection between Defendant Skinner's alleged conduct and the emotional distress suffered by I.J.C. or Plaintiff Champine.   Accordingly, Plaintiff has failed to plead sufficiently that Defendant Skinner intentionally inflicted emotional distress against either plaintiff.

## CONCLUSION

Plaintiff has not alleged facts sufficient to state claims against Defendant under Idaho and Federal law.   Therefore, Defendant Skinner asks this Court to grant his motion and dismiss the Amended Complaint against him under F.R.C.P. 12(b)(6).

DATED this 5th day of May, 2026.

CASTLETON LAW PLLC

*/s/ Bruce J. Castleton*
BRUCE J. CASTLETON

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 14.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 5th day of May, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Raymond D. Powers                          rdp@powersfarley.com
Portia L. Rauer                            plr@powersfarley.com
POWERS FARLEY, P.C.
702 West Idaho Street, Suite 700
Boise, ID 83702
*Attorneys for Plaintiff Michael Champine*

Andrea J. Rosholt                          andrea@rosholtlaw.com
ROSHOLT LAW PLLC
210 Murray Street, Ste. B
Garden City, ID 83714
*Attorney for Plaintiff Mega Champine*

Eric S. Rossman                            erossman@rossmanlaw.com
ROSSMAN LAW GROUP PLLC
350 N 9th Street, Ste. 500
Boise, ID 83702
*Attorney for Plaintiff*

Anne Sullivan Magnelli                     amagnelli@ajhlaw.com
ANDERSON JULIAN & HULL LLP
250 S Fifth Street, Ste. 700
Boise, ID 83707
*Attorney for Defendants Boise School
District and Fairmont Jr. High*


*/s/ Bruce J. Castleton*
BRUCE J. CASTLETON

**DEFENDANT SKINNER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT SKINNER'S MOTION TO DISMISS - 15.**