UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL CHAMPINE, individually and on behalf of his minor daughter, I.J.C., <br><br> Plaintiff, <br><br> v. <br><br> CHRIS RYAN, an individual, BOISE SCHOOL DISTRICT, and DOES I-X, individuals and/or entities of unknown origin, <br><br> Defendants. <br><br> MEG CHAMPINE, individually, and as natural legal guardian for the Minor Child Plaintiff, IJC, <br><br> Plaintiff, <br><br> v. <br><br> BOISE SCHOOL DISTRICT; FAIRMONT JUNIOR HIGH, and CHRISTOPHER RYAN and DOES I-X, individuals and/or entities of unknown origin, <br><br> Defendants. | Case No. 1:23-cv-00338-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Michael Champine's Motion for Attorney Fees. Dkt.

MEMORANDUM DECISION AND ORDER - 1

84. Upon review, and for the reasons set forth below, the Motion is GRANTED.

## II. BACKGROUND

Plaintiff Michael Champine filed a Motion to Compel Testimony in July 2025. Dkt. 51. The motion requested that Daniel Skinner, in-house counsel for the Boise School District, disclose the contents of his investigations regarding the Phil Hiller incident during his deposition. *Id.* The District objected on grounds of attorney-client privilege and the work product doctrine, but the Court ultimately granted Plaintiffs' motion. Dkt. 78.

Following the grant of the motion, Plaintiffs filed a Motion for Attorney Fees, asking the Court for an award in the amount of $16,977.50. Dkt. 84.

## III. LEGAL STANDARD

"When a motion to compel has been granted, the Court must . . . require the party whose conduct resulted in the motion, or attorney advising the conduct, or both, to pay the reasonable attorneys' fees of the movant." *Manley v. Winsupply Inc.*, 2023 WL 7164564, at *1 (D. Idaho Oct. 30, 2023) (citing Fed. R. Civ. P. 37(a)(5)(A)). "Awarding attorneys' fees is mandatory under this rule unless the moving party filed the motion before making a good faith effort to obtain disclosure without court intervention, the nondisclosure was substantially justified, or other circumstances make the award of fees unjust." *Id.* (citing Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii)).

## IV. ANALYSIS

### A. GRANT OF MOTION TO COMPEL UNDER RULE 37

As a threshold matter, Defendants did not respond to the instant Motion. While the Court already indicated an award was justified, *see* Dkt. 78, at 17, Defendants still retained

MEMORANDUM DECISION AND ORDER - 2

the right to object to the hourly rate, hours worked, and final amount requested. Having failed to respond is deemed acquiesces to not only the motion itself, but the arguments contained therein. *See* Dist. Idaho Loc. Civ. R. 7.1(f)(1) ("[I]f an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application.").

Furthermore, as set forth in the Court's decision on Plaintiffs' Motion to Compel Testimony, the Court found that the attorney-client privilege and work product doctrine did not apply. *See generally* Dkt. 78, at 5–13. Although Skinner was an attorney for the District, his investigation was done for fact-finding purposes and not for providing legal advice, thus it was not entitled to attorney-client privilege. *Id.* at 11. The Court also rejected Defendants' work product doctrine argument because there was nothing on the record to suggest that Skinner's investigation was done in preparation for litigation or to provide legal advice. *Id.* at 13. As a result, the Court granted Plaintiffs' Motion to Compel Testimony. *Id.*

And as part of its decision, the Court reviewed Rule 37(a)(5)(A)'s requirements that fees be awarded as part of a successful motion to compel, determined none of the exceptions applied, and held "an award of expenses that requires Defendants to pay the costs of the continued video deposition of Daniel Skinner and Plaintiff's incurred attorney fees relative to the Motion to Compel is justified." Dkt. 78, at 17. Thus, the only remaining issue for the Court to determine is the appropriate amount of the award.

MEMORANDUM DECISION AND ORDER - 3

### B. LODESTAR ANALYSIS

Because Plaintiffs are entitled to attorney fees under Rule 37, the Court must assess the "lodestar" amount, or the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, to reach an appropriate final award.

### 1. *Reasonable Hourly Rates*

Here, Plaintiffs paid $225 per hour for associate Liam Stokes and $500 per hour for partners Raymond Powers and Portia Rauer. Dkt. 84-1.

Mr. Powers submitted an affidavit affirming the rates requested in this case are reasonable in the Boise market. *Id.* at 3. The Court is very familiar with the rates in the Boise legal market and agrees with Powers's assessment.

Stokes's rate of $225 per hour is in line with what the Court has awarded previously. *See, e.g., Sapphire Hosp. Invs., LLC v. Oregon Mut. Ins. Co.*, 2025 WL 3187382, at *2 (D. Idaho 2025) (awarding $265 per hour for associate); *Petersen as trustee of Spencer & Lesley Petersen Fam. Living Tr. v. Progressive Cas. Ins.* 2025 WL 371017, at *3 (D. Idaho 2025) (awarding $210 per hour to associate).

And while $500 per hour is at the higher end of the Boise market, such is also acceptable given the experience of the attorneys in this case. *See, e.g., SBP LLLP v. Hoffman Construction Company of America*, 2025 WL 959517, at *4 (D. Idaho 2025) (finding rates of $430-$460 reasonable for an attorney of over 40 years in the field); *J.R. Simplot Company v. McCain Foods USA, Inc.*, 713 F.Supp.3d 904, 983 (D. Idaho 2024) (finding that it is not unreasonable for attorneys to request more than $400 per hour); *Bundy*

*v. St. Luke's Health System Ltd.*, 2023 WL 7282880, at *4 (D. Idaho 2023) (approving rates ranging between $346-$540).

For these reasons, the Court finds Plaintiffs' requested hourly rates are reasonable.

### 2. Reasonable Hours Expended

A court may exclude from the fee calculation hours that were not "reasonably expended," such as hours which are "excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The fee applicant bears the burden of proof and "can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures." *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (citation modified). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Again, Defendants did not respond or otherwise dispute the number of hours expended by Plaintiffs' attorneys, and Plaintiffs have provided billing records together with the general subject matter of each time expenditure. Dkt. 84-2. Thus, the Court finds the number of hours expended on the tasks outlined was reasonable and appropriate given the posture of the case and the discovery motion at issue.

In sum, the lodestar figure of $16,977.50 is reasonable. Dkt. 84 at 2; Dkt. 84-1 at 4.

### V. CONCLUSION

Plaintiffs' Motion to Compel Testimony was previously granted, and as such, Plaintiffs seek to recover an award of attorney fees under Fed. R. Civ. P. Rule 37. Under

MEMORANDUM DECISION AND ORDER - 5

the lodestar method, the reasonable amount of attorney fees in this case is $16,977.50. The

Court will grant Plaintiffs' Motion for Attorney Fees for this amount.

## VI. ORDER

The Court **HEREBY ORDERS**:

1.  Plaintiffs' Motion for Attorney Fees (Dkt. 84) is GRANTED as outlined above.

2.  The Court awards Plaintiffs attorney fees in the amount of $16,977.50.

3.  The District will have thirty (30) days from the filing of this Order to comply.

DATED: June 26, 2026

_____

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6